In the Matter of the Accounting of ABRAHAM L. LIEBOVITZ et al., as Executors and Trustees under the Will of FANNY LIEBOVITZ, Deceased.

Surrogate's Court, New York County, October 28, 1949.

*Joseph A. Ruskay* for executors and trustees, petitioners.

*Nathaniel L. Goldstein, Attorney-General (Louis E. Cooper* of counsel), for Superintendent of Rockland State Hospital, respondent.

*Henry H. Sternberg,* special guardian for Ruth Liebowitz, an incompetent, and others, respondents.

*Louis Karasik,* special guardian for Jonathan Liebovitz, an infant, respondent.

COLLINS, S. The special guardian representing infant remaindermen of testamentary trusts has interposed an objection to the account of the executors upon the ground that a portion of the estate taxes should be allocated against an *inter vivos* trust which was required to be included in the gross estate for the purpose of computing such taxes. The provisions of section 124 of the Decedent Estate Law, with respect to apportionment of the tax burden are controlling in the absence of an unequivocal direction in the will to the contrary. (*Matter of Mills,* 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012.) The pertinent text of decedent's will reads: " I direct

that all legacies and bequests, whether the same are made absolutely or in trust, are to be free of any legacy, succession or inheritance tax, and that every such tax shall be paid out of the principal of my estate." It is apparent that the direction for the payment of taxes from the " principal " of the estate is limited explicitly to an exoneration of the " legacies and bequests " contained in the will. (*Matter of Ryan,* 178 Misc. 1007, affd. 265 App. Div. 1051, leave to appeal denied, 290 N. Y. 933; *Matter of Mills, supra; Matter of. Owen,* 193 Misc. 144; *Matter of Corlies,* 174 Misc. 459.) Decedent's will does not contain unambiguous language dispensing entirely with tax apportionment and there is omitted from the tax clause of the will any reference to gifts or transfers of property made during decedent's lifetime. There is no intimation that decedent intended to confer an exemption upon the recipients of *inter vivos* benefits. The quoted text of the will relates solely to the benefits passing under that instrument. The single thought expressed is that the share of the tax which ordinarily would be borne by the persons benefiting under the will is to be imposed upon the principal of the estate. The will not only lacks the clear and definite direction with respect to property passing outside the will which is essential to avoid the operation of the statutory rule but it fails even by implication to allude to such property or the tax imposed in respect thereof.

The objection of the special guardian is sustained. The accounting parties are directed to supplement their account with a schedule of the apportionment of estate taxes in respect of the *inter vivos* trust. Thereafter a decree may be submitted on notice settling the account.