In the Matter of the Accounting of JOHN F. DULLES et al., as Executors of WILLIAM N. CROMWELL, Deceased.

Surrogate's Court, New York County, August 9, 1950.

*S. Pearce Browning, Jr.,* for John F. Dulles and others, as executors of William N. Cromwell, deceased, petitioners.

*Cloyd Laporte, Carl E. Heilman* and *H. Woodward McDowell* for New York State Bar Association and others, respondents.

*Laurence D. Kieran,* special guardian for Odile M. de Cazenove, respondent.

*Edward R. Finch, Leon Schaefler, Edward R. Finch, Jr.,* and *Charles M. Arak* for Rector, Church Wardens and Vestrymen of St. Bartholomews Church in the City of New York and others, respondents.

*Coudert Brothers* for Foundation de Memorial de L'Escadrille Lafayette and another, respondents.

*Cravath, Swaine & Moore* for President and Trustees of Bowdoin College and another, respondents.

*John Godfrey Saxe, Frederick vP. Bryan, Henry J. Kennedy* and *John A. Kiser* for Trustees of Columbia University in the City of New York, respondent.

*Hawkins, Delafield & Wood* for American Museum of Natural History, respondent.

*Burke & Burke* for American Bible Society, respondent.

*Cahill, Gordon, Zackry & Reindel* for Trustees of Dartmouth College, respondent.

*Delafield, Marsh & Hope* for French Benevolent Society, respondent.

*Lord, Day & Lord* for Metropolitan Museum of Art, respondent.

*Joseph A. Cox* for Francis J. Mulligan, as Public Administrator of County of New York, respondent.

*Barry, Wainwright, Thacher & Symmers* for Alumni Association of the Law School of Columbia University, respondent.

*Courtland Kelsey* and *George M. Bentley* for Kenyon College and others, respondents.

*George Link, Jr.,* and *Charles H. Buckley* for New York Medical College and others, respondents.

*James A. Delehanty, Jeremiah P. Lyons* and *John Lane* for British War Relief, respondent.

*Arthur W. Siegrist* and *Frederic S. Nathan* for Juilliard Musical Foundation, respondent.

*Francis T. P. Plimpton* and *Peter A. Campbell* for Trustees of Amherst College and others, respondents.

*Langdon P. Marvin* and *Walter L. Bryant* for President and Fellows of Harvard College, respondents.

*Williamson Pell, Jr.,* for New York Public Library and others, respondents.

*Benjamin, Galton & Robbins* for Mount Sinai Hospital, respondent.

*Louis Charles Wills* for Brooklyn Home for Children, respondent.

*Dunnington, Bartholow & Miller* for New York Eye & Ear Infirmary and another, respondents.

*Harold J. Gallagher* and *William Fitz Gibbon* for American Bar Association Endowment, respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Corning G. McKennee* of counsel), respondent, in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

Collins, S. This is a proceeding for the settlement of the account of the executors and for construction. An intermediate decree disposing of all issues except that involving the interpretation of the tax clause of the will has previously been made with that question postponed for present decision.

The issue is between two opposing groups of legatees and involves the manner in which estate taxes are to be charged. The testator made gifts aggregating $250,000 to certain individuals and then directed the division of his residuary estate into 100 equal parts. Bequests to charities totaling 82% of the residue have been found by the Commissioner of Internal Revenue to be nontaxable. The balance, which will be shared in varying proportions by the New York County Lawyers Association, the Association of the Bar, the New York State Bar Association, the Cromwell Foundation, Columbia University, the Sullivan & Cromwell pension fund and certain household employees, will pass as nonexempt property. Specifically, the question presented is whether the residue, for the purpose of its division into 100 parts, is to be determined before or after payment of the taxes chargeable against the estate.

The court holds that article Thirteenth of the will unequivocally commands payment of all estate taxes as an administra-

tion expense prior to the establishment of the residuary estate and its allotment among the legatees. The will provision follows:

"Article Thirteenth: It is my will and direction that all of the gifts, devises and bequests provided for in this my Last Will and Testament be paid, delivered and distributed as soon after my decease as may be practicable and as may be in accord with the provisions of this my Will.

"And it is my will and direction that any and all inheritance, succession, transfer and/or other taxes payable upon the same or upon my Estate be paid by my Executors as a part of the expenses of administration and that they shall not be deducted from the amount of any such gifts, devises or bequests."

The pattern for payment of taxes is clearly drawn and the mandate of the will is forthright and explicit. In that respect it possesses the characteristics described by Surrogate DELE-HANTY in *Matter of James* (189 Misc. 24, affd. 274 App. Div. 917, motion for leave to appeal denied 274 App. Div. 927). In that case the testator fixed the formula for the distribution of his residuary estate with the same clarity and precision that marks the present will to which it bears substantial resemblance. The Surrogate there said (p. 29): "The court is not required to spell out by implication deceased's testamentary intent respecting estate taxes. He expressly states his purpose and intent in this respect. * * * The formula directs that there be deducted from the gross fund ' all * * * taxes (*including* any estate, inheritance and transfer taxes paid on account of legacies and bequests pursuant to paragraph tenth of this codicil to my will) * * *.' (Emphasis supplied.) The plain and literal meaning of this text requires that all estate taxes be deducted before allocating to objectants one tenth of the net fund. * * * Because in the will of deceased there is an express and unambiguous direction which commands the deduction of *all* succession taxes before computing objectants' share objection seventeen filed by Richard Hoe and others and the objections in writing filed by Ruth Hoe Sterling are sustained."

In this will, not once but three times within the limits of the quoted text, did the testator manifest his purpose to have the taxes on his estate paid before the shares of the residuary legatees were fixed and allocated. These are his instructions: (a) any and all inheritance, succession, transfer and/or other taxes payable upon the estate are to be paid **as** a part of the expenses of its administration; (b) all of the gifts, devises and

bequests provided for in the will are to be paid to the legatees and devisees without deduction of taxes; (c) estate taxes are to be treated as administration expenses in ascertaining the rest, residue and remainder defined in article Eighth of the will as including, among other property, " all real estate " belonging to the testator.

We have then three separate and distinct indicia of intention; the specific command to pay all taxes, the direction that taxes on devises are included therein coupled with the fact that no real estate passes under the will except as a part of the residuary estate and the admonition to treat such taxes as administration expenses. The residuary estate to be divided as provided for in article Eighth can be determined only after the discharge of administration expenses and, because the testator has unconditionally included them, taxes fall within that category.

" By thus grouping or bracketing estate taxes with debts, funeral and administration expenses, which debts and expenses are ordinarily payable out of the general estate, the testator has in effect ' otherwise directed ' i.e., has directed that estate taxes, as well as debts, funeral and testamentary expenses, be deducted and paid out of the general estate without apportionment under Section 124 so that the dispositive provisions would apply only to the net estate remaining after such payments or deductions. *Matter of Hund,* 266 App. Div. 379, 42 N. Y. S. 2d 505; *Matter of James's Estate,* 180 Misc. 441, 40 N. Y. S. 2d 4, affirmed, 267 App. Div. 761, 45 N. Y. S. 2d 938; *Matter of Weeks,* FOLEY, S., *In re Ball's Will,* Misc. 24 N. Y. S. 2d 432; *Matter of Randell's Estate,* 147 Misc. 358, 267 N. Y. S. 778." (*Matter of Sykes,* 53 N. Y. S. 2d 442, 447.) See, also, *Matter of Hart* (184 Misc. 375); *Matter of Schoonmaker* (N. Y. L. J., May 2, 1934, p. 2122, col. 3 [FOLEY, S.]), and *Matter of Klein* (N. Y. L. J., May 3, 1945, p. 1687, col. 6 [FOLEY, S.]).

The arguments opposed to the conclusion here stated if adopted would result in an enormous enhancement in the value of the exempt legacies at the expense of those charged with the tax. If it were the rule of the will that division of the residuary was to precede payment of the taxes, total taxes would be substantially less because of the fact that the increase in the gifts to the charitable legatees would produce a correspondingly larger exemption. Neither of these consequences affect the result reached. Precisely the same argument was urged upon the court and rejected in the James estate referred to earlier. In the second in a series of decisions handed down

during its administration in this court it was held (86 N. Y. S. 2d 78, 82–83): '' Under the will of the deceased these petitioners [the non-exempt residuary legatees] were under no obligation to pay any of the taxes made a charge on them by the executors. Each of them has been heavily burdened with taxes. Their payment of taxes not owed by them operated to exonerate the residuary passing to the Foundation [the exempt residuary legatee] not only from a burden equal to that imposed on the residuary legatees but, it would seem, has resulted in denying to the public fisc substantial sums which apparently are due to it if the estate taxes are computed in accordance with deceased's will.''

It is further urged that the exoneration clause has reference only to pre-residuary bequests and is without effect upon the balance of the estate. It would have been a simple task for a lawyer of the stature of the present testator to have freed this meaning from obscurity if in fact the intention was ever entertained. There is, however, no evidence that it was. *Matter of Ryan* (178 Misc. 1007, affd. 265 App. Div. 1051, motion for leave to appeal denied, 290 N. Y. 933) and the other cases cited stand only for the proposition that nontestamentary benefits are not embraced within the compass of a direction against apportionment unless specifically included. That is accepted as a rule beyond challenge but it provides no aid in the interpretation of this will which in the article here construed, contains the statement of its own direction against the apportionment of taxes which the statute would otherwise command (Decedent Estate Law, § 124; *Matter of Mills,* 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012).

The court accordingly holds that the residuary estate for the purpose of its division into the shares allotted to exempt and nonexempt legatees alike, is to be ascertained after discharge of all estate tax obligations as an administration expense.

Submit decree on notice construing the will in accordance with the foregoing.