In the Matter of the Construction of the Will of LAURA C. MATTES, Deceased.

Surrogate's Court, New York County, March 30, 1954.

*Henry S. Hooker* and *Irving L. Schanzer* for Bankers Trust Company, as executor of Laura C. Mattes, deceased, petitioner.

*Charles H. Tuttle, Alfred D. Clark* and *Allen F. Lovejoy* for Harvey E. Lambeth, respondent.

*Edmund B. Bellinger* for James C. Lambeth, respondent.

*Laurence D. Kieran* for Edward C. Mattes, individually, respondent.

*George L. Genung,* special guardian for Harvey E. Lambeth, Jr., and another, infants, respondents.

FRANKENTHALER, S. The main questions in this construction proceeding are whether and to what extent the surviving husband must contribute with other residuary legatees to the payment of estate taxes.

Testatrix died June 30, 1952, leaving a will executed December 6, 1948. Paragraph First provides: '' I direct the payment of my just debts and funeral expenses, and all the expenses of the administration of my estate. I direct that all transfer, inheritance, death, succession and estate taxes, whether State or Federal, on all property taxed against my estate proper or otherwise, shall be paid out of my residuary estate.'' Paragraphs Third through Sixth direct payment of legacies totaling approximately $100,000 in value. Paragraph Seventh provides that '' All the rest, residue and remainder of my estate, real, personal or mixed, of whatever kind and wheresoever situate, * * * I direct my executors to divide into twelve parts as nearly equal as possible, to be distributed * * * [f]our such twelfths * * * to my husband * * * if he survive me,'' one such twelfth outright to each of the two sons and three such twelfths in trust for each son with the income to be paid to him for life and the principal to be paid to his issue at his death.

The sons contend that the full amount of the estate taxes should be deducted before computation of the residuary, thereby opposing any method of apportionment which would give the spouse credit for the marital deduction under paragraph (ii) of subdivision 3 of section 124 of the Decedent Estate Law. They point out that the directions of testatrix with respect to administration expenses and payment of taxes are contained in the same paragraph of the will. From this they conclude that she intended that taxes be treated in the same manner as administration expenses and be paid before computation of the residuary shares and without further apportionment within the residuary. This contention disregards the fact that the directions to pay estate taxes and to pay administration expenses appear in different sentences and are phrased differently. The testatrix provided in one sentence for payment of administration expenses, which are paid before any distribution, and in the next sentence

directed that estate taxes be paid from the residuary, which is computed after distribution of specific and general legacies. These two sentences spell out quite different treatments of the two types of estate obligations. The cases cited by the sons (*Matter of Herz,* 203 Misc. 1077; *Matter of James,* 180 Misc. 441, affd. 267 App. Div. 761, motion for leave to appeal denied, 292 N. Y. 724; *Matter of Kruskal,* 115 N. Y. S. 2d 181; *Matter of Cromwell,* 199 Misc. 143, affd. 278 App. Div. 649, 303 N. Y. 681), all concern wills which expressly directed that taxes be treated in the same manner as administration expenses or juxtaposed references to expenses and taxes and directed payment of both in identical language. The court holds that in the instant proceeding there is no basis under either the language of the will or the authorities for treating estate taxes in the same manner as administration expenses.

The sons contend further that the provision in paragraph First directing payment of taxes out of the residuary estate precludes application of section 124 to the allocation of taxes within the residuary itself. Although the quoted provision of paragraph First serves to exonerate the legacies of paragraphs Third through Sixth from paying their proportionate share of estate taxes, the will contains no express direction as to apportionment within the residuary estate, and is silent as to which one or more of the residuary legacies, if less than all, shall bear the taxes. Nor is there apparent any intent that the taxes are to be computed so as to deprive any legatee of deductions to which he might become entitled under the act imposing the tax. The mere presence in the will of a provision relating to apportionment is not sufficient to render section 124 inoperative. (See *Matter of Blumenthal,* 180 Misc. 895, 899, affd. 267 App. Div. 949, affd. 293 N. Y. 707; *Matter of Frank,* 195 Misc. 406, 407; and *Matter of Bayne,* 102 N. Y. S. 2d 525, 527.) Indeed, " except in a case where a testator otherwise directs in his will " this section " commands proration " (*Matter of Mills,* 189 Misc. 136, 140, affd. 272 App. Div. 229, affd. 297 N. Y. 1012).

If the question of allocating marital deduction benefits under paragraph (ii) of subdivision 3 of section 124 were not involved, it seems unlikely that any party would question the general applicability of section 124 to this residuary estate. Wherever life interests, such as those of the two sons in the residuary trusts here, are created, subdivision 2 of section 124 requires that the tax on both such temporary interests and the remainders thereafter be " charged against and * * * paid out of the

corpus * * * without apportionment between remainders and temporary estates.'' The application of this part of section 124 to the residuary interests, despite the fact that the will contains an apportionment clause (which does not direct otherwise), has been approved by the courts. (*Matter of Pratt*, 123 N. Y. S. 2d 425; *Matter of Blumenthal*, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707, *supra.*) In addition, it is noteworthy that the contention of the sons is, in effect, in favor of the application within the residuary of paragraph (i) of subdivision 3 of section 124 to the exclusion of paragraph (ii) of subdivision 3.

The history of section 124, as construed, is helpful to determine the effect of the direction of the testatrix upon the credit of the surviving spouse for the marital deduction. The section as enacted in 1930, provided that '' except in a case where a testator otherwise directs in his will * * * in making such proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate '' (L. 1930, ch. 709). Under this provision, the estate tax deductions on bequests to a charity have been held to inure to the benefit of such charity and the taxes are allocated within the residuary so as to credit the charity for the deduction (*Matter of Blumenthal*, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707 *supra; Matter of Dettmer*, 179 Misc. 844, motion for leave to appeal to the Court of Appeals denied 266 App. Div. 923; *Matter of Starr*, 157 Misc. 103). The credit is given to the charity even in the case where the will directs payment of taxes from the residuary estate (*Matter of Pratt*, 123 N. Y. S. 2d 425, *supra*) and in a situation similar to the instant case where the will provided for the payment of estate taxes from the general or residuary estate, it has been held that the taxes are to be apportioned within the residuary to benefit the surviving spouse for the marital deduction (*Matter of Bayne*, 102 N. Y. S. 2d 525, *supra*).

In 1950, section 124 was amended, applicable to the estates of all persons dying after September 1, 1950, to provide in paragraph (ii) subdivision 3, that '' [i]n the absence of directions to the contrary * * * any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent * * * or by reason of the charitable purposes of the gift shall inure to the benefit of the person bearing such relationship or receiving such * * * charitable gift ''.

The draftsman's note to the amendment states that " [t]he amendment is mainly declaratory of existing law." And as Surrogate COLLINS pointed out in *Matter of Wolf* (204 Misc. 356, 363, affd. 282 App. Div. 1018), the Legislature in " lumping together " the references to the marital and charitable deductions in the 1950 amendment intended that they be treated in the same manner with respect to apportionment. Thus, under the cases construing section 124, the estate taxes are to be apportioned to credit the husband for the marital deduction.

The sons urge, however, that *Matter of Ryan* (280 App. Div. 410), in which the court said (p. 413) that " [i]nasmuch as the various estate taxes are to be paid from the residuary estate, said computation must be made after the payment of such taxes, and not before," is authority for denying the husband the credit to which he would otherwise be entitled under section 124. In the *Ryan* case (*supra*), the widow who had been bequeathed a share of the residuary in trust for life elected to take her share of the estate as in intestacy. The court held that under paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law, her intestate share could not exceed one-half of the estate computed after taxes. Because she was bequeathed a sum in trust, the widow was held under paragraph (f) of subdivision 1 of section 18 to be entitled outright to her intestate share so computed less the corpus of the trust also computed after the deduction of taxes. Thus the *Ryan* case was concerned with the interpretation of section 18, which is not in issue in this case, as the husband has elected to take under the will. In addition, the holding of the court that the corpus of the trust be computed after the deduction of taxes is not in point on the question of the applicability of section 124 because the widow's share under the trust did not qualify as a marital deduction under the Internal Revenue Code (U. S. Code, tit. 26, § 812, subd. [e], par. [1], cl. [B]), and the testator died before the effective date of the New York marital deduction provisions. Though other cases have held that the intestate share under paragraph (a) of subdivision 1 of section 18 is limited by one half of the estate computed before the deduction of estate taxes, these cases are in accord with the *Ryan* case in enhancing the interest of the spouse which qualifies for a marital deduction (cf. *Matter of Ryan, supra; with Matter of Peters*, 275 App. Div. 950, affg. 204 Misc. 333; *Matter of Wolf, supra*; and *Matter of Vitale*, 118 N. Y. S. 2d 773). The court holds that the estate taxes should be apportioned within the residuary so as to credit the surviving spouse for the marital deduction.

The question remains as to the precise manner in which the taxes are to be apportioned. Under paragraph (i) of subdivision 3 of section 124, the taxes are to be apportioned " among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited ". In the absence of the direction of the testatrix herein, taxes are allocated to each of the general and residuary legatees, with the credits to the spouse for the marital deduction in accordance with paragraph (ii) of subdivision 3 of section 124, quoted above. Thus, to the extent that the interest of the spouse is qualified for the marital deduction, no tax is allocable to the spouse and the burden of the taxes allocable to the residuary is borne solely by the sons. The only effect of the direction of the testator is to exonerate the general legatees and impose their burden on the residuary. The surviving spouse urges that this additional, transferred burden be borne solely by the sons because the interest of the spouse is less than the maximum amount eligible for the marital deduction. These taxes otherwise allocable to the general legatees are imposed on the residuary legatees respectively in addition, however, to the amounts, if any, allocated by virtue of section 124, under which allocation the credits for the marital deduction are considered. Section 124 provides a statutory rule of equitable apportionment and, in the absence, as here, of a contrary direction by the testatrix, the policy of the section is best effectuated by apportioning within the residuary the taxes allocable to the general legatees on the basis of the proportion of the total value of the residuary received. (See *Matter of Campe,* 205 Misc. 699.) To impose the burden of the taxes allocable to the general legatees solely upon the nonspouse residuary legatees would here deplete their interest substantially and in many cases involving a similar problem might destroy their interest completely. Although the testatrix here did not intend to have the general legacies bear any portion of the tax nor to deprive the spouse of the martial deduction credit which section 124 would afford in the absence of her direction as to the payment of taxes, it does not seem reasonable to ascribe to the testatrix an intention to place the entire estate tax burden on her sons. The court holds that the tax burden allocable to the general bequests should be deducted before computation of the residuary and should not thereafter be apportioned within the residuary, and that the balance of the estate

taxes is to be apportioned so as not to require the husband to bear any of such balance to the extent that his interest is qualified for the marital deduction under the Internal Revenue Code and State Tax Law.

The court further holds that the "no-contest" provisions of paragraph Eleventh of the will are not applicable to the present proceeding. (*Matter of Von Deilen,* 154 Misc. 877, 887; *Matter of Storey,* 134 Misc. 791; *Matter of Fellion,* 132 Misc. 805; *Woodward* v. *James,* 44 Hun 95.)

Submit decree on notice construing the will accordingly.