William T. Collins, S.
In this construction proceeding the court holds that Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942) is controlling. Pursuant to the reasoning in that case it is here held that the taxes in question payable on the general legacies not included in the residuary should first be paid out of the residuary estate before division thereof and should not thereafter be apportioned within the residuary and that the balance of the taxes be apportioned so as not to require the wife to bear any of such balance to the extent that her interest is qualified for the marital deduction under the Internal Revenue Code and State Tax Law. The argument that this will is not similar to the will in Matter of Mattes (supra) because it directs payment of these taxes “ out of the capital of my residuary estate ” while there the words used were “ out of my residuary estate ” is a distinction without a difference. Matter of Liebovitz (197 Misc. 123), cited as holding that language including the phrase ‘‘ ‘ principal of my estate ” indicates that a clear direction against apportionment, merely held that “ principal of my estate ” meant the residuary estate and no question of apportionment within the residuary estate was involved.
The legacies to the grandchildren carved out of the residuary estate should likewise bear their proportionate share of the taxes for as indicated no exoneration within the residuary estate is directed by the will. The cases of Matter of James (180 Misc. 441, affd. 267 App. Div. 761, motion for leave to appeal denied 292 N. Y. 724) and Matter of Herz (203 Misc. 1077) cited as holding to the contrary did not deal with legacies within the residuary estate. They were cases in which the court held that the will contained a mandate against apportionment as to the legacies there alluded to.
Submit decree on notice.