William T. Collins, S.
This is a proceeding for construction of the will and for instructions concerning the apportionment of estate taxes under section 124 of the Decedent Estate Law. Two questions are presented on the application, the first having to do with the extent to which nontestamentary benefits are subjected to the payment of taxes by the will and the second with the manner in which the residuary estate is to be allocated between the individuals and the charitable institutions who are named as legatees.
The instructions of the testatrix in connection with the apportionment of taxes are contained in the following text in article First of her will: “ I direct my Executor, hereinafter named, to pay all my just debts and funeral expenses as soon after my death as practicable, and I further authorize and direct my said Executor to pay out of my residuary estate all transfer, inheritance, succession or estate taxes which may be imposed upon or with respect to the bequests and devises herein made (but not with respect to my transfers or gifts, if any, made by me prior to my decease).”
The court holds that under these directions preresiduary bequests are freed of all taxes and that the express exception relating to nontestamentary gifts was intended by the testatrix *618 to charge such transfers with their proportionate share of the tax burden to the extent that they were included within the taxable estate. There was, in fact, but one such transaction with posthumous tax consequences. Seventeen days after the execution of her will the testatrix then, as at her death, domiciled in New York, created an inter vivos trust reserving to herself an estate for life with remainders over to designated individuals. Named as trustee was the Day Trust Company of Boston, Mass. That nonresident institution has declined to submit itself in its fiduciary capacity to the jurisdiction of this court in this proceeding despite the fact that the corpus of the trust has been included in the taxable estate by both the Federal and State authorities. Thus clearly presented is the question whether this court, in the absence of the inter vivos trustee, having found apportionment of taxes required under the will, should make its direction assessing the corpus of the trust with the share of the tax burden attributable to it.
The Day Trust Company has indicated that it is relying upon the decision in Isaacson v. Boston Safe Deposit & Trust Co. (325 Mass. 469) in declining to become a party to this proceeding or to contribute to the discharge of the tax obligations. In that case the Massachusetts court held that an inter vivos trust having its situs in Massachusetts was not subject to the operation of the Maine apportionment statute in which State the deceased had died domiciled. This court has previously held, however, that though the Massachusetts corporate fiduciary could not be compelled to submit to our jurisdiction, nevertheless there exists ample authority to determine the allocation of the tax under section 124 of the Decedent Estate Law whether the parties who should properly bear that tax are before the court or not. (Matter of Slade, 208 Misc. 409.)
The petitioning executor suggests dangers which he says are present if an attempt were to be made to litigate the question of the liability of the Massachusetts trust for taxes in the Massachusetts courts. He states it to be his belief that the Massachusetts authorities might bring into question the domicile of the deceased at the time of her death and try out that issue in the hope of obtaining a ruling that the testatrix died a resident of Massachusetts. Further, he, together, with the remaindermen of the trust, argues that the Isaacson case {supra) is identical with the facts present here and that it would appear to be a work of great difficulty to distinguish it before the court from which the decision issued. The other parties to this proceeding, who take a different view, suggest' distinctions which appear to be of merit. Without deciding between these two opposing *619 points of view this court will direct the executor to take the steps reasonably necessary to enforce the obligation of the Day Trust Company, as trustee, to contribute to the total tax burden. Whether the remedy lies by litigation in the Massachusetts courts or in the Federal courts is a question for the petitioner to decide. In this connection see, however, Merchants Nat. Bank v. Merchants Nat. Bank (318 Mass. 563, 574) and Scoles, Apportionment of Federal Estate Taxes and Conflict of Laws (55 Col. L. Rev. 261, 301).
The second issue for determination involves the question of whether the general direction by the testatrix that all estate taxes be paid from the residuary estate, is or is not a direction against apportionment, with respect to the residuary legacies, of estate taxes imposed upon the particular residuary gifts.
The testatrix in article Fifth of her will divided the residue of her estate into eleven parts. Thirty-eight percent of all bequests passing under the residuary clause of the will went to named individuals and 62% to charities in varying amounts. The individual residuary legatees take the position that taxes attributable to the residuary estate must be paid out of the estate before its division among individual and charitable beneficiaries. The charities, on the other hand, argue that the residuary estate must first be divided among the individual beneficiaries and the charities and that the taxes payable with respect to the residuary estate must then be paid out of the shares of the individual beneficiaries only.
It has been held that ‘‘ A general direction that all estate taxes be paid from the general or residuary estate is not a direction against apportionment, within the respective residuary trusts, of estate taxes imposed upon residuary gifts. Such direction for the payment of taxes is not the equivalent of a direction that such taxes be treated as administration expenses.” (Matter of Bayne, 102 N. Y. S. 2d 525, 529.) This is the principle upon which were founded the decisions in the following cases: Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942); Matter of Pratt (123 N. Y. S. 2d 425); Matter of Bayne, supra; Matter of Blumenthal (180 Misc. 895, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707); Matter of Dettmer (179 Misc. 844); see, also, Estate of Edwin E. Jack (8 U. S. T. C. 272); Matter of Campe (205 Misc. 699).
The court has been offered no plausible argument for departure from the rule of those cases and holds that the formula they employed is the rule of the present will. This holding will require the taxes on the preresiduary legacies to be charged *620 against the residuary estate prior to its division. The shares in the residuary are then to be determined and the taxes chargeable to the total bequests allocated in their entirety to the gifts to individuals.
Submit decree on notice construing the will in accordance with the foregoing.