William T. Collins, S.
The court is asked in this proceeding for construction of the will to direct the manner in which estate taxes are to he allocated and apportioned. The testator left as his only preresiduary bequests a gift of one third of his net estate before all taxes to his widow and the choice of whatever personal effects his daughter might select. The balance of the estate he disposed of by leaving two thirds thereof outright to Ms daughter and one third, less 16 cash legacies, totaling $37,250, to the petitioning executor, as trustee of a trust to pay the income for a term measured by the life of his wife and daughter to three charitable beneficiaries with remainders to the same designees outright upon the termination of the trust. In article Ninth of his will the testator provided for the payment of estate taxes in the following text: ‘ ‘ Ninth: I direct that any estate, inheritance, legacy, transfer, succession or similar duties or taxes in respect of any property or interest passing under this, my Will, shall be paid out of my residuary estate so that all bequests shall be paid and delivered free from such taxes. ’ ’
Because of the fact that the daughter failed to exercise the option given her to select any of the personal property left by the testator, in addition to the fact that the preresiduary bequest to the widow qualified for the marital deduction, no estate taxes have been imposed except with respect to the property passing under the residuary clause of the will.
The increasingly familiar question of whether residuary bequests are subject to the operation of a stipulation against the apportionment of taxes is, of course, the issue presented in this case. The petitioning executor and trustee and the charitable beneficiaries are of a like mind in insisting that this will is subject to the rule of the authorities collected in Matter of Slade (4 Misc. 2d 616). The District Director of Internal Revenue, on the other hand, has indicated his position to be that the will provides for a true residuary estate consisting merely of the balance of the one-third part from which the 16 pecuniary legacies and the charitable trust are to be paid. The third contention in respect of this problem is that of the daughter to whom is left two thirds of the residuary estate outright. She argues that the text quoted from article “ Ninth ” of the will frees her legacy from contribution to all estate taxes on the theory that the residuary estate was intended by the testator to be confined to the property, if any, which is to be the source of the bequest in trust.
The niceties of these arguments confuse the issue which is confronting the court. If we look to the language of the will itself we find that the testator, using the standard words of art, *245 directed that “All the rest, residue and remainder of my estate, both real and personal and wheresoever situate, including any property over which I may have the power of disposition by will or otherwise ” was to be divided into three equal parts. The fact that one of these parts was subjected to the payment of pecuniary legacies in specified amounts in noway affects the question at issue. (Matter of Mahlstedt, 140 Misc. 245, 255.) What we have here is the disposition of the gross estate as diminished by the preresiduary bequests, debts and administration expenses. Unlike the testamentary instructions in Matter of Cromwell (199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681) estate taxes do not fall within the category of such administration expenses. Consequently, in light of the rule that a general direction against apportionment of taxes does not operate within the residuary estate (Matter of Pepper, 307 N. Y. 242) the court holds that the allocation of taxes proposed by the petitioner is correct. Under that formula estate taxes are to be apportioned for the purpose of computing the charitable deduction for which the estate is entitled on the Federal and New York estate tax returns, solely against the individual residuary legatees, to wit, the daughter of the deceased and those persons named to take the pecuniary legacies carved out of the final third of the residue.
A subsidiary question is presented by the executor who asks whether the pecuniary legacies are to have interest added at the rate earned by the estate during its administration or interest at the statutory rate payable from a date seven months subsequent to the issuance of letters testamentary. Since these legacies in gross constitute a specified part of one third of the estate as denominated by the testator, it would appear that they are entitled to interest at the same rate as other residuary bequests and the court accordingly so holds.
Submit decree on notice construing the will in accordance with the foregoing.