Joseph A. Cox, S.
The first article of testator’s will provides: “ I direct that all my debts, funeral expenses, expenses of administration of my estate and taxes payable by reason of my death shall be paid from the residue of my estate. ’ ’
The parties to this proceeding are in agreement that this tax clause is a direction that no share of the estate tax be apportioned against any preresiduary testamentary gift. The contested issue is whether this will provision is a stipulation against apportionment between the residuary legatees of that part of the estate tax which is attributable solely to the residuary assets.
The will was executed in 1952 and the testator died three years later. He bequeathed to the legatee whom he named as his executrix his household furnishings, jewelry, automobiles, Florida real properties and a preferred general legacy of $200,000. He then provided that, in the event the finances of his estate permitted, general legacies totalling $35,000 be paid and a $10,000 annuity be purchased and, after provision for these bequests, any residue be divided into three equal parts, one of which he bequeathed to the executrix and the others of which he bequeathed to a number of charities. This testamentary plan evidences the testator’s purpose to provide the legatee who is first preferred with a minimum dollar amount of $200,000 if the size of his estate permitted such payment, that only then were other general legacies to be paid and that, if there be any surplus then remaining, it be divided among the residuary legatees. There is no indication in the will that the testator intended to grant any preference among the residuary legatees.
The requirement of section 124 of the Decedent Estate Law, that estate taxes be apportioned among testamentary beneficiaries is a statutory rule founded on justice and equity which may be deviated from only in compliance with an explicit direction of a testator. For this reason it has been held repeatedly that a testamentary direction against apportionment of taxes will permit a departure from the statutory formula only to the extent' that such a direction is clear and unambiguous. (Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012.)
This testator’s direction that taxes be paid from the residuary estate is an expression of his intent that preresiduary gifts be exonerated from tax and that so much of the tax as is attributable to these bequests be charged against the residuary estate before computation of the respective shares of the residuary legatees. The direction cannot be read as a mandate that the portion of the tax attributable to the residuary assets is not to be apportioned *853 in an equitable manner among the recipients of such residuary gifts. The charities which receive residuary legacies are entitled to the full benefit of the deductions which the law affords them in respect of such legacies (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707; Matter of Dettmer, 179 Misc. 844; Matter of Starr, 157 Misc. 103) unless a contrary direction is contained in the will.
The issue here presented is not novel and it has been considered in a number of decisions involving testamentary language very similar to that appearing in the instant will. Prior cases concerned with residuary gifts to charities are Matter of Pratt (123 N. Y. S. 2d 425); Matter of Campe (205 Misc. 699); Matter of Hoffman (138 N. Y. S. 2d 492) and Matter of Slade (4 Misc. 2d 616). Other decisions applying the same reasoning in respect of the marital tax deduction are Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942); Matter of Parmele (3 Misc. 2d 1011); Matter of Bayne (102 N. Y. S. 2d 525); Matter of Shamberg (145 N. Y. S. 2d 289) and Matter of Paine (7 Misc. 2d 795). Each of the cited cases is a holding that a direction that taxes be paid from the residuary estate is a stipulation against apportionment of the tax allocable to preresiduary bequests but is not a direction against apportionment of the balance of the tax within the residuary estate.
Concededly this will, in exonerating preresiduary legacies from tax, imposes upon the charities a tax burden that otherwise would not be theirs, but the individual legatee, who would increase that burden, asserts that the language of the tax clause should be interpreted as a direction that the full amount of the tax be paid as an expense of administration. Such a direction is not explicit in the text of the will, as was the fact in Matter of Cromwell (199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681) and Matter of Kruskal (115 N. Y. S. 2d 181), and such an intent cannot be forced from the will by implication, even if it were permissible to attempt to do so. Matter of James (180 Misc. 441, affd. 267 App. Div. 761) involved only the question of charging taxes against the residuary estate and, by reason of the fact that all the residuary legatees were charities, a question of apportionment within the residuary did not there exist. Neither was a question of apportionment within the residuary estate present in Matter of Hund (266 App. Div. 379) or Matter of Hers (203 Misc. 1077) which are other decisions relied upon by the individual legatee.
It is held that the only effect of the first article of the will is to free the preresiduary bequests from estate tax and to charge such *854 portion of the tax against the residuary estate. The shares of the residuary legatees are to be computed following the deduction from the residuary estate of the afore-mentioned portion of the tax. The tax on such residuary shares is to be apportioned in the manner provided in section 124 of the Decedent Estate Law.
Submit decree on notice accordingly.