Samuel Faile, S.
In this accounting proceeding the executors seek a determination as to the effect of article ‘ ‘ Seventh ’ ’ of the will as a direction against the apportionment of estate taxes imposed against the respective shares disposed of by the residuary clause of the will. The executors have requested, also, advice and directions with respect to the prosecution of a claim against the decedent’s widow in the amount of $4,000, authority to abandon, as worthless, certain patents listed in schedule “ A ” of the account, the allowance of a personal claim of the executor, and the fixation and allowance of the fees of the attorney who is also a coexecutor.
The testator died a resident of Westchester County on January 20, 1954, and his will and a codicil dated March 17, 1952, and January 16, 1954, respectively, were duly admitted to probate, and letters testamentary thereon were issued to the petitioner on March 3, 1954.
Article “ Seventh ” of the testator’s will provides as follows: ‘ ‘ I direct that all inheritance, estate and transfer taxes, or death penalties, both State and Federal, which may be imposed on all property passing by reason of my death, as well as upon all other property included in my taxable estate in any jurisdiction shall be paid from my residuary estate.”
By article “ Seventh ”, therefore, the testator imposed upon his residuary estate the payment of all estate taxes including any estate taxes upon nontestamentary benefits as well as any such tax imposed upon benefits conferred by the will.
By earlier provisions of his will testator had specifically bequeathed certain items of tangible property to designated persons, and had subjected some of such personalty to a life estate in favor of his wife. Provision also was made for a legacy of $6,000 in favor of his wife and for a legacy of $1,000 in favor of another. The nontestamentary assets consist of life insurance totaling $6,513.44, $3,484.98 of which is payable to the widow and the remainder of which is payable to other *666 named beneficiaries. By article ‘ ‘ Eighth ’ ’ of his will, testator devised and bequeathed his residuary estate to trustees, and by article “ Second ” of a codicil directed that 40% of his residuary estate be set apart as a separate trust for the exclusive benefit of his wife. The income was directed to be paid to his wife at least semi-annually, and upon the death of his wife, the trustees were directed to pay the principal as she might appoint, to any person or persons including her estate. The balance of the residuary estate was divided into three shares of 20% each to be held in three separate trusts, one for the benefit of a sister and two for the benefit of two designated brothers of testator. Upon the death of the respective income beneficiaries the corpus was directed to be divided among such persons as would be distributees of such income beneficiary if he or she had died intestate and a resident of New York. Each trust was subjected to a power to invade principal to the extent of two thirds of the corpus thereof for the benefit of the respective income beneficiaries.
The court determines that the residuary trusts do not share pro rata in the benefits of any marital deduction allowable. By section 124 of the Decedent Estate Law (subd. 3, par. [ii]), “ any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent or by reason of the fact that the property consists of life insurance proceeds * * * shall inure to the benefit of the person bearing such relationship or receiving such insurance proceeds * * * as the case may be ”.
In the absence of a clear direction in the will against the apportionment of estate taxes, the mandate of the statute must be followed, not only with respect to the provisions for apportionment (Matter of Duryea, 277 N. Y. 310), but also as to the above-quoted provisions requiring that exemptions or deductions enure to the benefit of the person entitled. Although the will contains in effect a direction against apportionment of estate taxes imposed against property other than that passing under the residuary clause of the will, there is neither an express nor an implied direction in the will against apportionment of any estate taxes imposed upon the respective benefits conferred by the residuary clause of the will, within the shares or trusts comprising the residuary estate. The will is silent as to which one or more of the residuary trusts shall bear any estate tax imposed upon residuary gifts. The court accordingly determines that the estate tax must be apportioned within the respective residuary trusts so that the surviving spouse shall receive the benefit of any exemption or deduction, allow *667 able to her under the law imposing the tax. To the same effect see Matter of Bayne (102 N. Y. S. 2d 525); Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942); Matter of Shanberg (145 N. Y. S. 2d 289); Matter of Hoffman (138 N. Y. S. 2d 492).
The personal claim of one of the executors having been satisfactorily proven, is allowed. Attorney’s fees and disbursements will be allowed in the amount requested for all services rendered and to be rendered to and including the settlement of the decree herein. The executors are authorized to abandon as requested those patents listed in schedule “ A ” of the account as worthless.
Judicial approval of the failure to list as an asset any claim against the widow of decedent in the amount of $4,000 and in failing to enforce any such claim in favor of the estate will be withheld pending the completion of the estate tax proceedings.
Settle decree.