## (March 15, 1957)

■ In the Matter of the Construction of the Will of GEORGE E. PAINE, Deceased. PETER S. PAINE et al., as Trustees under the Will of GEORGE E. PAINE, Deceased, et al., Appellants; HANOVER BANK et al., as Trustees under the Will of GEORGE E. PAINE, Deceased, et al., Respondents.— Decree affirmed, with costs to all parties appearing and filing briefs herein payable out of the estate. No opinion. Concur — Breitel, J. P., Botein, Valente and McNally, JJ., Rabin, J., dissents and votes to reverse in the following memorandum: The will should be construed to mean that all estate taxes are to be paid out of the residuary estate before division into three equal parts. The statutory formula for the payment of taxes as prescribed by section 124 of the Decedent Estate Law must apply unless there is a clear direction against apportionment of taxes pursuant to that section (*Matter of Pepper,* 307 N. Y. 242). This will does contain such a clear direction, as distinguished from the *Matter of Mattes* (205 Misc. 1098. affd 285 App. Div. 867, affd. 309 N. Y.

942). It is clear from the will itself and the surrounding circumstances that the testator intended that his widow and his children receive equal portions of the estate after the payment of taxes. However, for the resolution of the problem here presented, we must ascertain the testator's intention with respect to how the taxes are to be paid and not merely how he wants his net estate divided after taxes. He has made that clear by the use of the word "capital" in connection with the word "residuary" when he states that taxes are to be paid "out of the capital of my residuary estate". The will provides: "I direct that all estate, inheritance, transfer or successions taxes which shall become payable by reason of my death be paid out of the *capital* of my residuary estate." (Emphasis supplied.) The will in the *Mattes* case does not contain the word "capital" when referring to the residuary estate. We must give this word a meaning. It certainly cannot mean capital as distinguished from income because taxes may not be paid out of income. It must mean something else. As used here it clearly means that taxes are to be paid from the initial corpus of the residuary estate. By construing the will in this manner we give force to the clear intention of the testator as to how taxes should be paid and in addition as to how the net assets of his estate should be distributed.