W. Newcomb Calyer, S.
In connection with the first intermediate accounting of the executors herein, a construction is requested of certain provisions of the will of this decedent, which was executed on October 30, 1952, The decedent died on *137 November 26, 1956 and the will was duly admitted to probate on December 7,1956.
After revoking any former wills and directing the payment of her just debts and funeral expenses, the testatrix created various general and specific legacies. By paragraph ‘ ‘ twentieth ’ ’, she directed that her residuary estate be divided into eight equal shares, three of which she gave to the trustees of Vassar College, one of which she gave to the president and fellows of Harvard College, and the remaining four of which she gave to her trustees in trust for the descendants of her brother. By paragraph ‘ ‘ twenty-seventh ’ ’, she provided that ‘ ‘ All estate, inheritance, transfer, legacy, succession or other similar taxes and duties whatsoever which shall become payable as a result of my death shall be paid out of my residuary estate.”
Two problems are now presented to the court for determination :
1. Are the taxes to be apportioned within the residue?
2. How is income earned during the period of administration to be distributed?
All of the parties to this proceeding agree that taxes on the preresiduary gifts are to be paid out of the residuary estate before it is divided. The trustees and the special guardian urge that taxes should not be apportioned within the residuary estate. The charitable residuary legatees urge that taxes must be apportioned within the residuary estate, under the provisions of section 124 of the Decedent Estate Law. The executors take no position on either question presented to the court for settlement, but request instructions on both.
Section 124 of the Decedent Estate Law requires that taxes be apportioned “ In the absence of directions to the contrary ”. The trustees and the special guardian maintain that the will indicates that the testatrix intended that there be no apportionment within the residuary estate, and that the language used in paragraphs “twentieth” and “twenty-seventh”, constitutes such directions to the contrary as the statute requires. They point out that the testatrix directed her executors to divide her residuary estate “ into eight equal shares that she then disposed of “ such equal shares as follows: ” by clause A she gave “ three of such shares ” to Vassar, by clause B she gave “ one of such shares ” to Harvard, and by clause C she gave “ four of such equal shares ” to her trustees and directed that they “ shall hold the said four equal shares ” for the designated purposes (emphasis added in each instance). From this use of the word “ equal ”, and the fact that the tax clause follows the residuary clause, it is argued that the testatrix wanted the *138 equal division of her residuary estate between her family and the charitable legatees to be unaffected by estate taxes.
Unfortunately for the beneficiaries of this trust, the cases uniformly hold that a tax clause such as that used in the will under consideration is not a direction against apportionment among the residuary legatees. (Matter of Pepper, 307 N. Y. 242; Matter of Bayne, 102 N. Y. S. 2d 525; Matter of Pratt, 123 N. Y. S. 2d 425; Matter of Campe, 205 Misc. 699; Matter of Campe, 130 N. Y. S. 2d 458; Matter of Hoffman, 138 N. Y. S. 2d 492; Matter of Mattes, 205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942; Matter of Ernstthal, 145 N. Y. S. 2d 110; Matter of Shanberg, 145 N. Y. S. 2d 289; Matter of Parmele, 3 Misc 2d 1011; Matter of Slade, 4 Misc 2d 616; Matter of Bacon, 6 Misc 2d 243; Matter of Paine, 7 Misc 2d 795, affd. 3 A D 2d 736, affd. 3 N Y 2d 741; Matter of Myers, 7 Misc 2d 664; Matter of Coulter, 11 Misc 2d 851, affd. 4 A D 2d 1019, motion for leave to appeal denied, 5 A D 2d 814.)
The only cases which hold that there shall be no apportionment of taxes among residuary legatees are those in which the will provided that taxes are to be paid as an expense of administration (Matter of Cromwell, 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681; Matter of Kruskal, 115 N. Y. S. 2d 181) or in which the will specifically states that taxes shall not be apportioned (Matter of Frank, 11 Misc 2d 202).
The division of the residuary estate into equal shares existed in each of the following cases: Matter of Pratt (supra), Matter of Campe (supra), Matter of Mattes (supra), Matter of Bacon (supra), Matter of Paine (supra), and Matter of Coulter (supra) in each of which it was held that the taxes must be apportioned among the residuary legatees pursuant to the provisions of section 124 of the Decedent Estate Law. The repetition of the word “ equal” in this will does not require a different result.
The trustees and the special guardian argued that the testatrix would not have wanted the full tax burden placed upon her blood relatives. Perhaps that is true, but the language used in her will does not provide such directions to the contrary as the statute requires. The cases previously cited make no distinction between those in which the exemption to which the statute gives effect is a marital deduction (Matter of Pepper [supra], Matter of Bayne [supra], Matter of Mattes [supra], Matter of Shamberg [supra], Matter of Parmele [supra], and Matter of Paine [supra]) and those in which a *139 charitable exemption is involved (Matter of Pratt [supra], Matter of Campe [supra], Matter of Hoffman [supra], Matter of Slade [supra], Matter of Bacon [supra] and Matter of Coulter [supra]).
It is, therefore, held that under the language used by the testatrix the taxes on the legacies which precede the residuary clause must be deducted from the residuary estate prior to the division thereof, but that the taxes upon the residuary legacies must be apportioned among the residuary legatees pursuant to the provisions of section 124 of the Decedent Estate Law, and be borne by the noncharitable residuary legatees.
With reference to the division of income earned during the period of administration, it was urged by the charities that such income earned before the payment of taxes, debts, general legacies and expenses of administration should be distributed in the fractional shares established by the will, while income earned after such items are paid should be distributed in the fractions in which the principal of the residuary estate is actually distributed. The other parties assert that all income should be distributed in the proportions into which the residuary estate is divided by the will.
The only case on this precise question which has come to the court’s attention is Matter of Mattes, 12 Misc 2d 502, which held that the entire income was distributable in the fractions designated in the will. In the interest of simplification of accounting procedures, the same method of distribution of income will be adopted here.
The executors are, therefore, instructed that all estate taxes applicable to nonresiduary legacies are to be paid before the division of the residuary estate; that all estate taxes applicable to residuary legacies are to be charged against the shares of the noncharitable trust; that all income earned during the period of administration is to be distributed as follows: l/8th to Harvard, 3/8ths to Vassar, and 4/8ths to the trustees of the residuary trust.
Submit decree on July 28, 1958.