Joseph A. Cox, S.
The second paragraph of the will gives the mother of the testatrix a legacy of $20,000 and some specific property. The fourth paragraph gives her one half of the residue, dividing the other half among five others. The fifth paragraph directs that the bequest to the testatrix’ mother “ in [Paragraph] ‘ Second ’ * * * hereof be paid to [her] without any deduction for Federal or State inheritance or succession taxes.” The will does not explicitly state where the burden of such taxes shall be laid. In the allocation of estate taxes by the executors, all such estate taxes are charged pro rata against all of the residuary legatees. The mother of the testatrix contends that under a proper construction of the fifth *193 paragraph of the will, she is not to bear any part of the burden of the tax attributable to her general and specific legacies even in her status as residuary legatee, and that as a consequence the tax that would otherwise be allocable to such bequests must be charged wholly against the five legatees who take the remaining half of the residue.
When the testatrix said that the bequests made in the second paragraph shall be paid without deduction for estate taxes, she understood that full estate taxes had to be paid nevertheless by her estate to the Federal and State Governments. The provision in her will reveals her knowledge that if her will had said nothing about such taxes, the general and specific legacies would be reduced by their equitable share of estate taxes. She, therefore, realized that the charge removed from some legacies had to be transferred to others. The testatrix undoubtedly knew that the only possible source of such taxes would be her general estate, and that her residuary legatees could take their shares only after all estate obligations had been fully discharged. Her will treats all the residuary legatees in the same manner, though their shares vary in size. The residuary gift to the mother is couched in the same terms as the gifts to the others: ‘ ‘ All the rest, residue and remainder of my estate * * * I direct my Executors * * * to divide into forty parts and I give, devise and bequeath * * * Twenty (20) parts thereof to my mother, Mary Robinson.” The mother has benefited by the payment in full of her general and specific legacies. As a residuary legatee she is chargeable pro rata with all obligations payable out of the general estate.
The court holds that the estate taxes attributable to the legacies bequeathed in the second paragraph of the will are payable from the residuary estate before division of the residue into separate shares. (Matter of Mattes, 205 Misc. 1098, 1104, affd. 285 App. Div. 867, affd. 309 N. Y. 942; Matter of Campe, 205 Misc. 699.) The objections of Mary Robinson to the allocation of estate taxes is, therefore, overruled.
The allocation of the Federal estate tax is approved. The allocation of the New York State estate tax should be corrected to give proper credit for the allowable exemptions. The objection to the computation of commissions on the subject matter of the specific legacy has become academic because no such commission is claimed.
Complete the decree and resubmit for signature.