Per Curiam.

We agree with the conclusion reached by the Appellate Division minority that, while debts, funeral and administration expenses were to be paid out of the testator’s gross estate before computing the widow’s trust, the testator intended estate taxes to be paid out of the residuary estate. It is evident from reading the exoneration clause, comprising the eleventh article of the will, that the testator’s main concern with respect to such taxes was that they not be apportioned. To read that part of the exoneration clause, which recites that taxes be paid “asan expense of administration ”, as a direction that they be deducted from the gross estate, for purposes of computing the widow’s trust, would actually effect an apportionment and result in burdening her share with such taxes in direct contra *311 vention of the clear and unmistakable testamentary command against apportionment. That command is particularly significant in the light of section 124 of the Decedent Estate Law which requires death taxes to be “apportioned” “except * * * where a testator otherwise directs ”, As Justice Breitel wrote, in the course of his dissenting opinion (25 A D 2d, at p. 422), “ That leaves only the residuary estate out of which to pay the taxes as was the situation prior to the enactment of section 124 of the Decedent Estate Law. And this is still the situation where there is an exoneration clause because the taxes must be paid, and there is only the residuary from which to pay them.” It follows, then, that the widow’s interest is to be determined before the allocation of estate taxes. If, as the sister urges, the testator had desired to treat her and his wife equally, he could easily have done so, and in a far more normal fashion, by providing for both of them in the residuary clause.
It is not amiss to note that Matter of Cromwell (303 N. Y. 681, affg. 278 App. Div. 649, affg. 199 Misc. 143) — cited by the Surrogate as authority for deducting estate taxes “ from the gross estate before the computation of any fractional bequest ” — is distinguishable from the present case since it involved an apportionment within the residue.
The order appealed from should be reversed, in accordance with the opinion herein, with costs to all parties appearing separately and filing separate briefs payable out of the estate, and the matter remitted to the Surrogate’s Court, New York County, for further proceedings not inconsistent with the opinion.
Chief Judge Desmond and Judges Fuld, BergaN and KeatiNg concur in Per Curiam opinion; Judges VaN Voorhis, Burke and Scileppi dissent and vote to affirm upon the memorandum opinion at the Appellate Division.
Order reversed, with costs in all courts to all parties appearing separately and filing separate briefs payable out of the estate, and matter remitted to the Surrogate’s Court for further proceedings not inconsistent with the opinion herein.