William J. Regan, S.
This is a proceeding for judicial settlement of the accounts of the executors in this estate. Objections on behalf of Nora Mescall, the widow of the decedent, have been filed. The questions involved center around the computation of the widow’s elective share and the applicability of section 124 of the Decedent Estate Law, relating to apportionment of estate taxes. If it is determined that this section is applicable, then the court must determine the manner in which and the persons among whom such taxes shall be apportioned. Dependent upon the above, of course, will fall the question as to the propriety of the calculations of the estate tax schedules heretofore filed by petitioners.
In an earlier proceeding a decision of this court was rendered by which Nora Mescall, widow, was entitled to her elective share. Subdivision (a) of section 18 of the Decedent Estate Law provides the following: ‘ ‘ The elective share of the surviving spouse, as used in this section, is one-third of the net estate of a decedent survived by one or more children or descendants * * * after the deduction of debts, funeral and administration expenses. In *166 computing such net estate all estate taxes shall be disregarded, but nothing herein contained shall relieve such surviving spouse from contributing to all .such taxes the amounts apportioned against him under section one hundred twenty-four of this chapter.”
Both -section 18 of the Decedent Estate Law, and section 124 of the Decedent Estate Law went into effect September 1, 1930 and were parts of the sweeping revision of the law of estates that then became effective. One of the main purposes of these sections was to increase the share of the surviving spouse in a decedent’s estate and that such provisions shall be liberally construed. (Matter of Byrnes, 260 N. Y. 465.)
In Matter of Wolf (307 N. Y. 280) it was held that where a widow elects to take against a decedent’s will which contains no directions as to the apportionment of estate taxes the widow is entitled to have her intestate share computed initially upon the net estate prior to the deduction of State and Federal estate taxes.
In the proceeding to determine the widow’s elective share the petitioner claimed that she was given her share by virtue of the will according to testator’s intent and his testamentary scheme. In that proceeding, of course, his intent was held to be of no avail, as jointly owned property could not be considered part of the widow’s elective share, testator having died one year before the enactment of the revisions of section 18 which might ■bring jointly owned property into consideration of an elective share.
More important in the pending proceeding is the intent and testamentary scheme of the testator which petitioners again raise. However, this is now only so with respect to the apportionment of the estate taxes. There is no denying that the testator’s intent as expressed in his will was to effect an equal distribution between his wife and his two sons. However, the court feels it is bound by subdivision 3 of section 124 of the Decedent Estate Law, and prevailing court decisions.
There are numerous cases which state .that the statute with respect to apportionment and credit must be carried out unless there is a contrary direction by the testator in the will. This direction must be clear, definite and unambiguous and must leave no area for doubt that testator’s intention was in opposition to section 124 of the Decedent Estate Law.
“Where testator does not expressly make direction against apportionment of state and federal estate taxes within residuary, he is presumed to have intended ‘ gross equality ’ or equality prior to taxes rather than ‘ net equality ’ or equality after tax *167 impact, in specifying division of residuary into equal shares.” (See Lewald v. United States, 245 F. Supp. 338 [U. S. Fist. Ct., S. D., N. Y., 1965].) “ The testator is presumed to know the law and the impact of estate taxes.” (Matter of Shubert, 10 N Y 2d 461, 473.) “ There is strong policy in favor of statutory apportionment [of estate taxes] and those controverting its application must bear the burden of proof.” (Matter of Shubert, supra, p. 471.)
In the above-mentioned Matter of Shubert the testator’s will provided (p. 466): u I direct that all estate, inheritance succession, transfer or similar taxes on my estate passing under this .will shall be paid out of my residuary estate.” Concededly, this provision contained an express direction which would exonerate all pre-residuary testamentary gifts from the payment of any estate taxes and apportionment thereof. However, in that case the court determined that the will contained no direction against apportionment of estate taxes within the residuary estate with respect to residuary gifts and devises. The court further stated (pp. 473-474): “ Thus, it is clear that provisions for equality, even when repetitious, do not amount to unambiguous directions against apportionment (Matter of Williams, 12 Misc 2d 136,. 138, supra; Matter of Wahr, 370 Pa. 382, 387). ‘ An equal division of assets * * ® does not necessarily mean an equal tax burden. * * * As none of the gifts to the charities contributed to the federal tax burden, it is just and equitable that such charitable gifts should be relieved from the payment of any part of such tax * * * use of the word “ equal” does not indicate contrary intent ’ (Matter of Wahr, supra, p. 387; Matter of Williams, supra, p. 138). The testator is presumed to know the law and the impact of estate taxes. Since he did not expressly make a direction against apportionment within the residuary, he must be presumed to have intended ‘ gross equality ’ or equality prior to taxes, rather than 1 net equality ’ or equality after the tax impact (Jerome v. Jerome, 139 Conn. 285). The loss of 1 equality ’ or the upsetting of proportions set up in the will is a consequence of apportionment whenever a proportion or percentage of the residue is left to an exempt beneficiary and another proportion or percentage is bequeathed in a taxable manner.”
Accordingly, it is the determination of this court that the objections to the accounting must be sustained and that therefore the executors will be directed to amend the estate tax returns heretofore filed by them in accordance with this decision and that an amended account be thereafter filed.