In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of OTTO M. EIDLITZ. Deceased.

Surrogate's Court, New York County, August 27, 1948.

*Harry N. French* for trustee, petitioner.

*Robert M. Falkenau,* respondent in person.

*Isidor H. Taylor* for Charles L. Eidlitz, respondent.

*James Randall Creel* for Ernest F. Eidlitz, respondent.

*Finch & Schaefler* for Sadie B. Eidlitz and others, as executors of Robert J. Eidlitz, deceased, respondents.

*Davis Polk Wardwell Sunderland & Kiendl* for Guaranty Trust Company of New York and others, as executors of Anna M. Eidlitz, deceased, respondents.

*Robert H. Mulreany* and *William H. Welsh* for Presbyterian Hospital in the City of New York and another, respondents.

*Shearman & Sterling & Wright·* for Roosevelt Hospital, respondent.

*George Link, Jr.,* and *Charles H. Buckley* for New York Medical College and others, respondents.

*Pandia C. Ralli* for New York Society for the Relief of the Ruptured and Crippled, respondent.

*Sullivan, Donovan & Heenahan* for New York Society for the Prevention of Cruelty to Children, respondent.

*Mitchell, Capron, Marsh, Angulo & Cooney* for Manhattan Eye, Ear and Throat Hospital, respondent.

*Lord, Day & Lord* for Metropolitan Museum of Art, respondent.

DELEHANTY, S.   The proof taken before the court satisfies it that the charitable organizations who make claim to the benefits under the will of deceased have established their rights to the legacies claimed. In the case of Community Service Society of New York the parties agree and the court holds that it has a two-sevenths share in the fund for the charities under subdivision F of paragraph twentieth of the will because it represents a consolidation of two of seven separately named beneficiaries under that subdivision. Distribution of the charitable gifts will be ordered accordingly.

A further question requires adjudication because of the tenor of article twentieth of deceased's will. That article provides in part that out of a trust fund principal now distributable sums of $50,000 each shall be paid to three brothers of deceased. One of these, Robert James Eidlitz, survived the testator but died before the life tenant upon whose life the trust was limited. The payment of $50,000 to each beneficiary is directed to be made " upon and after the decease " of such life beneficiary. The text continues: " If, however, any of the said brothers shall have previously died leaving issue surviving my said wife or surviving me in case my said wife shall die before me, I give, devise and bequeath unto such issue, per stirpes and not per capita, the share which his, her or their parent would have taken under this clause 'twentieth' of this my will, if living."

Various contentions are made respecting the disposition of the $50,000 intended for Robert James Eidlitz. His estate says that the gift vested in him at the date of deceased's death and so is now payable to his estate. His surviving brothers contend that the legacies granted in subdivisions A, B and C of paragraph twentieth of deceased's will are legacies to a class comprised of his three brothers and so the legacy is distributable to them. The surviving brothers say secondarily that if their contention that the gifts are to a class is held unsound the amount of the legacies should be distributed as in intestacy. The widow's estate contends for intestacy also.  The charities say that the gift failed and that the residuary in which the charities participate is the greater because of the failure.  These contentions pose the question of construction which must be resolved.

Diligent counsel have called to the court's attention a number of cases deemed by them to be relevant to the various aspects of the problem. Their analyses of such authorities develop, as was

to be expected, that the underlying instruments therein construed, differ in text from that now before the court. In view of the flexibility of our language it is unlikely that any testamentary instrument will ever be found identical in text with any other which has been construed by the courts. And so, quest for an exact precedent is fruitless in constructions of wills. The court in every construction issue must search the particular instrument for its particular meaning, guided in the search by general principles which all courts recognize and seek to apply.

In accord with those settled general principles the court holds at once that there is no gift to a class comprised of deceased's brothers. The intentions of deceased are declared in separate subdivisions in which respectively only one brother is named. Separateness, not combination, of rights is explicit. So, the claim of the surviving brothers of deceased that they take in equal shares the amount intended for their predeceased brother Robert is held to be baseless. The court also holds that the gift did not vest in Robert on deceased's death. On the contrary, the gift depended in its substance on Robert's survival of the widow. Accordingly his estate takes nothing as legatee.

These rulings leave for consideration the question which the parties have more seriously argued. That is whether there is here compulsion to apply the rule most often phrased in text quoted from *Wright* v. *Wright* (225 N. Y. 329) and hold that the gift passed in intestacy. In respect of this rule the court which declared it later said in *Oliver* v. *Wells* (254 N. Y. 451, 457) that it is " a technical rule, reluctantly enforced by the courts when tokens are not at hand to suggest an opposite intention * * * ". The real problem here is whether or not the phrase " a residue of a residue " is truly applicable to the language of this will under scrutiny in respect of the gift to Robert and whether tokens are here at hand which show with sufficient clarity the intention of deceased respecting the disposition in all contingencies of the whole fund held in trust for his widow.

The will evinces deceased's awareness that he was disposing of a very substantial estate. He declares in terms at its introductory paragraph that he is making a disposition of his " entire estate ". The will discloses careful draftsmanship and it must be assumed that deceased and the draftsman understood it to make disposition of the entire estate. Deceased's testamentary scheme shows that he had the major primary purpose to provide for his wife while she lived and the major secondary purpose to give most of his fortune to charity upon her death. The pro-

visions for his collaterals, considered in the light of his large estate, are merely token provisions. This will, when properly understood, does *not* say that out of the fund held in trust at the date of his wife's death charity was to get the whole, *less $150,000*. On the contrary his instrument says the charity is to get the *whole* unless his brothers or their issue respectively qualify to take $50,000 each. So understood, the gift to charity is of the trust capital less only the effective legacies to the brothers or their issue (*Matter of Zollikoffer*, 157 Misc. 837; and see note, with citations, in 139 A.L.R. 878–882). Accordingly the fund held in trust for the widow of deceased is payable $50,000 to Charles L. Eidlitz, $50,000 to Ernest F. Eidlitz and the balance to the charities in the proportions specified in subdivisions D, E and F of paragraph twentieth of the will.

One other matter requires brief discussion. The brothers of deceased who survived to take their $50,000 legacies contend that each legacy is payable with legal interest from the date of the life tenant's death. The surviving trustee asserts that each legatee must take his principal plus a ratable share of the actual earnings of the trust assets after the death of the life tenant. With this latter contention the court agrees. The situation is not analogous to one in which an executor is charged with the collection of assets and the payment of debts and legacies. Here the payment due the legatee is to be carved out of a trust fund under administration by a trustee. A trustee of necessity continues to hold and manage the trust fund until his account is settled and until it is determined to whom the principal is due and payable. There has been here no unreasonable delay by the trustee. There exists on this record no basis for charging the trustee or the residuary with legal interest.

Submit, on notice, decree construing the will, settling the account and directing distribution accordingly.