In the Matter of the Construction of the Will of EDWARD C. BALLOU, Deceased.

Surrogate's Court, New York County, May 21, 1954.

*Williamson Pell, Jr.,* for City Bank Farmers Trust Company, petitioner.

*Ewen C. MacVeagh, John C. Hover* and *John T. Killoran* for Muriel J. Hedges, respondent.

*Charles I. Pierce, Jr.,* for Greater New York Fund, Inc., respondent.

*Samuel L. Brookfield* and *Frederick R. Van Vechten* for Nettie Wright, respondent.

COLLINS, S.  In this construction proceeding a question is presented as to the burden of estate taxes on two legacies bequeathed by articles First and Second of the codicil.  Article First of the codicil left a bequest of $100,000 to a legatee not named in the will.  Article Second of the codicil gave decedent's business together with bank accounts of the company, less the amount bequeathed in article First of the codicil, to a legatee named in paragraph Third of the will as a legatee of a bequest of $10,000 which was given to the legatee's son in the event she predeceased the testator.  This article of the codicil also expressly revoked the legacy provided by article Third of the will.  The cash of the business in the banks was stated by the testator to be some $64,630.94 after reduction of the $100,000 legacy in article First of the codicil and no reference was made to the value of the good will or other assets of the business. There is no gift over in the event of the death of the legatee. Article Third of the codicil ratifies, republishes and confirms the will in all other respects.

Article Eighth of the will reads: "Eighth: I direct that the foregoing legacies enumerated in paragraphs 'Third', 'Fourth', 'Fifth', 'Sixth' and 'Seventh' herein, shall be paid without deduction therefrom of any taxes, and that all estate, inheritance, transfer, legacy, succession and any other death taxes payable thereon shall be paid out of my residuary estate."

The residuary legatee contends that neither of the two bequests in the codicil is exonerated from payment of its proportionate share of the taxes and each of the legatees named in the codicil contends that her legacy is exempted by virtue of the direction in article Eighth of the will.  Section 124 of the Decedent Estate Law requires that the estate taxes be equitably apportioned among the persons interested in the gross tax estate "except in a case where a testator otherwise directs in his will".  This has been interpreted to mean that in the absence of a clear and unambiguous direction against apportionment, the mandate of the statute must prevail. (*Matter of Mills*, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012.)

The decisions in *Matter of Van Saun* (N. Y. L. J., June 29, 1940, p. 2934, col. 3) and *Matter of Horton* (N. Y. L. J., June 19, 1940, p. 2783, col. 1) in which the tax exemption clauses were much more general than that above-quoted appear to be decisive to the effect that the taxes must be apportioned.  In the first of these cases a wholly new gift in the codicil was required to bear its share of the taxes and a gift by the codicil to a person

named in the will was also required to pay its proportionate share where the gift in the codicil was made conditional and under circumstances different from those prevailing in the will. In the second of these cases the new legatees argued, as here, that since the testatrix conferred an exemption on every individual legatee in the will, an intention to prefer the individual legatees first mentioned in the codicil can be inferred. Surrogate FOLEY held the taxes apportionable and quoted from his decision in *Matter of Mitchell* (152 Misc. 228, 231), where he concluded: "In construing a will the court is bound by the expressed and not the presumed intention of a testator."

The tax clause under consideration is not one of a general nature providing that all taxes on the estate be paid out of the residue. It directs only that the legacies *enumerated* in the *specific* paragraphs be paid without deduction therefrom of any taxes and that all taxes payable *thereon* shall be paid out of the residuary estate. This limitation distinguishes this case from those cited by the legatees named in the codicil. There is in this will and codicil if not a specific limitation of exoneration to the paragraphs named in article Eighth of the will, at very least a serious doubt as to the meaning of the will on this subject of taxes as to each of the paragraphs in the codicil under consideration. The court holds that the legacies therein contained must bear their equitable share of the taxes. Submit decree on notice accordingly.