Maximilian Moss, S.
In this accounting proceeding the general guardian of an infant, the recipient of a gift under article “Second” of the codicil, has filed objections to the executor’s account which allocated a portion of the estate taxes to this legacy.
The testatrix’ will dated July 2, 1947 and a codicil thereto dated April 14, 1952 were admitted to probate on May 12, 1953. Article “ Ninth ” of the will directed that any and all inheritance taxes “ upon the foregoing gifts ” be defrayed by her executor from her residuary estate without apportionment. The preceding articles “ Fourth ” through “ Eighth ” bequeathed certain personal property to a sister and general legacies to a nephew, two friends and a church endowment fund. ,
*688 Article “ Second ” of the codicil contains a bequest to the testatrix’ godson and concludes by republishing, ratifying and affirming in all its provisions the said will of July 2, 1947. The provision in article ‘ ‘ Ninth ’ ’ of the will, which was executed on July 2, 1947 directing that any and all inheritance taxes ‘ ‘ upon the foregoing gifts ’ ’ be paid out of the residuary estate applies only to those gifts in the will which preceded the said “Ninth” article. The codicil which was executed April 14, 1952 contains no express stipulation for tax exoneration (Matter of Ballou, 206 Misc. 442, affd. 285 App. Div. 929). Thus we have a situation which does not meet the test laid down by the Court of Appeals in Matter of Pepper (307 N. Y. 242, 246-247) that a will’s directions exonerating bequests from tax payments must be “ clear and unambiguous ” to avoid the prorating of taxes provided under section 124 of the Decedent Estate Law (See, also, Matter of James, 199 Misc. 44, affd. 278 App. Div. 648; Matter of Lemmerman, 199 Misc. 49). The effect of a statute (Decedent Estate Law, § 124) cannot be avoided by doubtful language.
The objections filed by the general guardian in behalf of the legatee named in article ‘ ‘ Second ’ ’ of the codicil are accordingly dismissed. Settle decree on notice.