John D. Bennett, S.
This is a proceeding to settle an intermediate account in which instructions are sought from the court as to the application of funds in the residuary estate for the payment of debts, expenses and taxes.
‘ ‘ 3. Decedent provided in his Will in Paragraph £ First ’ as follows:
“ * First ’: I direct that all my just debts and funeral expenses be paid out of my general estate and that all estate, succession or transfer taxes that may be imposed against my estate, or any transfer occurring by reason of my death, be paid out of my residuary estate, and that all devises and bequests hereunder shall be tax free to the recipient.”
Decedent further provided in paragraph “Eighth” as follows: “‘Eighth’: It is my wish that my said Executors and Trustees shall hold, and I authorize and empower them to retain as long as it is deemed desirable, any royalty, leasehold or other interest that I may have in oil, gas and/or mineral properties, wherever located, and I further direct that all other assets in my residuary estate be first disposed of to meet taxes, funeral, administration and other expenses before resorting to the sale of any such leasehold or royalty interests.”
*1012 The special guardian orginally stated that he found ‘ ‘ no basis for apportionment ” of taxes to be paid from the residuary estate. He in effect withdraws his objection.
Paragraphs (i) and (ii) of subdivision 3 of section 124 of the Decedent Estate Law support the accountant’s position.
“ 3. In the absence of directions to the contrary, (i) apportionment of the tax shall be made among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited, the values as finally determined in the respective tax proceedings being the values to be used as the basis for apportionment of the respective taxes; (ii) any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent or by reason of the fact that the property consists of life insurance proceeds or by reason of the charitable purposes of the gift shall inure to the benefit of the person bearing such relationship or receiving such insurance proceeds or charitable gift, as the case may be ”. See Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942) where the court held (pp. 1104-1105): “ The court holds that the tax burden allocable to the general bequests should be deducted before computation of the residuary and should not thereafter be apportioned within the residuary, and that the balance of the estate taxes is to be apportioned so as not to require the husband to bear any of such balance to the extent that his interest is qualified for the marital deduction under the Internal Revenue Code and State Tax Law.” (See, also, Matter of Shanberg, 145 N. Y. S. 2d 289.)
The account will be settled as filed. The decree will provide that pursuant to paragraph “ Eighth ” of the will, funds in the residuary estate be applied for payment of all estate, inheritance and succession taxes, duties, administration or other expenses before resorting to oil, gas and mineral interests. The decree will further provide that taxes will be apportioned within the residuary estate in the manner described in Matter of Mattes as quoted from (supra).
Submit decree on notice.