John D. Bennett, S.
The apparently complex problems in this accounting proceeding, involving apportionment of estate taxes, are simplified by the requirement that statutory apportionment of estate taxes must apply unless directions in the will to the contrary be explicit, clear and unambiguous. The Attorney-General here, on behalf of charitable beneficiaries under the decedent’s will, has interposed objections to the account. The parties have agreed that the court first consider those objections relating to the manner in which the executors have apportioned estate taxes, which objections may be summarized as follows:
(1) Estate taxes must be apportioned against nontestamentary dispositions includible in decedent’s gross taxable estate.
(2) Estate taxes attributable to property comprising the residuary estate must be apportioned among the residuary legatees.
(3) Estate taxes attributable to bequests made by the codicil must be apportioned.
The provisions of paragraph Fourth of the will relating to the payment of estate taxes are as follows: ‘ ‘ Fourth: I direct that the legacy hereinbefore in Article Third of this my Will provided be paid free from all estate, inheritance and succession taxes, the same to be borne by my residuary estate.”
Subdivision 4 of section 124 of the Decedent Estate Law provides: “4. Any direction as to apportionment or non-apportionment of the- tax, whether contained in a will or in a non-testamentary instrument, shall be limited in its operation to the property passing thereunder unless such will or instrument otherwise directs.”
The strong policy favoring statutory apportionment requires that the testator ‘‘ otherwise direct” as to apportionment of estate taxes in clear and unambiguous terms (Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012).
There is here no clear unambiguous direction against apportionment of estate taxes attributable to nontestamentary dispositions. The only certainty expressed by the words used *703 in paragraph Fourth of the will is that the bequests in paragraph Third are given free of estate taxes. All other possible interpretations are merely conjecture and supposition.
In Matter of Mills (supra, p. 142), the court said: “ The question of allocation should not be approached as would a construction question where at all events the meaning of the text must be determined from the content of the will. In a tax allocation problem the text of the will is to be scanned only to see if there is a clear direction not to apportion; and if such explicit direction is not found, construction of text ceases because the statute states the rule.”
All parties agree that the estate taxes attributable to the bequests in article Third should be deducted from the residuary estate prior to its division between the residuary legatees. The paramount issue is whether the provisions of the will contain a direction against apportionment between the residuary legatees of the tax attributable solely to the residuary bequests themselves.
Since charities receive a portion of the residuary, we must again refer to section 124 of the Decedent Estate Law as the statutory guide which must apply in the absence of a direction to the contrary. In this respect subdivision 3 of section 124 of the Decedent Estate Law reads in part as follows: “3. In the absence of directions to the contrary * * * (n) any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent or by reason of the fact that the property consists of life insurance proceeds or by reason of the charitable purposes of the gift shall inure to the benefit of the person bearing such relationship or receiving such insurance proceeds or charitable gift, as the case may be ”.
Here too a departure from statutory apportionment is permissible only where the directions against apportionment are clear and unambiguous (Matter of Pepper, supra; Matter of Mills, supra).
“ This testator’s direction that taxes be paid from the residuary estate is an expression of his intent that preresiduary gifts be exonerated from tax and that so much of the tax as is attributable to these bequests be charged against the residuary estate before computation of the respective shares of the residuary legatees. The direction cannot be read as a mandate that the portion of the tax attributable to the residuary assets is not to be apportioned in an equitable manner among the recipients of such residuary gifts. The charities which receive *704 residuary legacies are entitled to the full benefit of the deductions which the law affords them in respect of such legacies (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707; Matter of Dettmer, 179 Misc. 844; Matter of Starr, 157 Misc. 103) unless a contrary direction is contained in the will.” (Matter of Coulter, 11 Misc 2d 851, 852-853, affd. 4 A D 2d 1019, motion for leave to appeal denied 5 A D 2d 814; see, also, Matter of Williams, 12 Misc 2d 136, and cases there collected).
Similarly under the same provisions of section 124 (subd. 3, par. [ii]) of the Decedent Estate Law, the marital deduction on bequests to the surviving spouse has been held to inure to the benefit of such spouse to the extent of the marital deduction allowed (Matter of Mattes, 205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942; Matter of Parmele, 3 Misc 2d 1011).
The contention of the executors that the residuary clause in providing that the residuary estate is to be comprised of all property ‘ ‘ remaining after the bequests in paragraph Third and Fourth ” requires a holding that the full amount of the taxes are to be paid as an administration expense is rejected. The cases (Matter of Cromwell, 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681 and Matter of Sykes, 53 N. Y. S. 442) cited by the executors, concern situations where there was a clear direction that estate taxes were to be paid as an administration expense and are not here applicable (see Matter of Mattes, supra).
The objection that the estate taxes attributable to bequests made by the codicil must be apportioned is also sustained (Matter of Ballou, 206 Misc. 442, affd. 285 App. Div. 929; Matter of Williams, 2 Misc 2d 687).
The court hereby holds: (1) estate taxes are to be apportioned as to nontestamentary dispositions includible in the gross taxable estate; (2) estate taxes 'allocable to the bequests in paragraph Third should be deducted before computation of the residuary estate; (3) estate taxes attributable to the bequests forming the residuary estate should be apportioned pursuant to section 124 of the Decedent Estate Law so as to give the charitable beneficiaries the full benefit of the charitable deductions ; (4) estate taxes attributable to the bequests made by the codicil should be apportioned as against such bequests.
Settle order on five days’ notice.