Joseph A. Cox, S.
Issues as to the application of section 17 of the Decedent Estate Law to the provisions of this testator’s will have been submitted to the court on stipulated facts. The will provides general bequests totaling $33,000 and also specific bequests of personalty. The Twelfth article of the will imposes estate taxes upon the residuary estate and the Thirteenth article directs that the residuary estate be divided into two equal parts and each part be held in a separate trust. One trust, for the benefit of the testator’s brother John T. Walsh and the latter’s wife, has not become operative for the reason that the named beneficiaries predeceased the testator (Matter of Fordham, 235 N. Y. 384). Under the terms of this trust the remainder is bequeathed to Albertus Magnus College. The second trust is for the benefit of the testator’s brother Bobert Q. Walsh and the testator’s sister Ella C. Walsh and this trust will terminate upon the death of Ella C. Walsh who is the surviving beneficiary. The remainder of this trust also is bequeathed to Albertus Magnus College.
In recognition of the possibility that the remainder bequests to Albertus Magnus College might violate section 17 of the Decedent Estate Law, the testator bequeathed the amount by which the charitable gifts would exceed the permissible maximum, in equal parts, to his daughters Elizabeth W. Alison and Emily W. Bees or their issue. These daughters are the object-ants in this proceeding and, while they are persons permitted by the Decedent Estate Law to challenge the extent of the gift to charity, their claims in this proceeding are premised upon the contingent testamentary gifts to them. It is conceded that the bequests to Albertus Magnus College exceed the maximum permissible charitable gift and that the excess amount is payable *390 to the objectants. Questions exist only as to the method of computing this excess amount and as to the portion of this excess amount which is to be charged against the continuing trust.
The theory and the formula for applying section 17 of the Decedent Estate Law to the issues herein are found in Matter of Mayers (189 Misc. 700, affd. 274 App. Div. 918, affd. 299 N. Y. 388). The maximum permissible gift to charity is one half of the amount of the gross estate remaining after deduction of debts. The amount of the residuary estate will be the balance remaining after payment of debts, funeral expenses, administration expenses, preresiduary legacies and those estate taxes which, but for the testamentary stipulation against apportionment of taxes, would be allocable to the preresiduary gifts.. The testator’s direction was that this balance, constituting his residuary estate, be divided into two equal shares and these shares be held in separate trusts.
One of these residuary shares is now distributable by reason of the fact that the intended income beneficiaries predeceased the testator and a computation is required to determine the portion of this residuary share which is distributable to the charity and the portion which is distributable to the testator’s daughters. The portion of this one-half share of the residuary estate to which the charity is entitled is that fraction of which the numerator is the figure representing one half of the maximum permissible charitable gift and the denominator is the figure representing one half of the net residuary estate. The excess is payable to the two daughters equally.
With respect to the participation of the charity in the remainder of the continuing trust the computation is precisely that employed in the Mayers case. Because the charity will not receive its remainder share of this trust until the termination of the trust, the value of any life estate must be determined and be deducted from the value of the trust corpus in order to fix the present value of the trust remainder. The portion of the trust remainder which may pass to charity, without violation of section 17, is that fraction of which the numerator is the figure representing one half of the maximum permissible charitable gift and the denominator is the present value of the trust remainder. This portion of the remainder will be payable to the charity upon the termination of the trust and the excess portion of the remainder then will be payable in equal shares to the legatees under subdivision (f) of the Thirteenth article of the will.
In making the foregoing computations of the maximum permissible charitable gift and the net residuary estate, date of *391 death valuations should be employed and all accretions or diminutions should be shared at the time of distribution in accordance with the proportionate interests of the parties in the funds being distributed. Income earned on principal amounts presently distributable is to be apportioned in compliance with section 17-b of the Personal'Property Law.
The testator’s direction that estate taxes be paid out of the residuary estate is effective to exonerate preresiduary gifts from diminution by reason of estate taxes but this testamentary provision does not avoid an apportionment of taxes within the residuary estate insofar as any tax payment may be attributable to the portions of the residuary not payable to the charity (Matter of Shubert, 10 N Y 2d 461).