Joseph A. Cox, S.
The testator bequeathed to his mother “ a life interest ” in all of his property. The nature of this interest is more particularly defined by the testator’s direction that his mother ‘ ‘ not have the power to dispose of any of my property but shall receive the income therefrom during the term of her natural life, the same to be paid to her by my Executor and Trustee, or Executors and Trustees hereinafter named, in quarter-annual payments each and every year during her lifetime.” The will contains the further direction that, upon the death of the testator’s mother, “ the income or interest from my said estate I direct shall be and become the property of my brother joseph patkiok purvey, and to be paid to him in quarter-annual installments for his own personal use.”
The testator’s mother predeceased him and the trustee asks whether the gift to the testator’s brother of the income or interest from the estate is a bequest of a legal life estate or a bequest of trust income. If the testator intended to bequeath a life estate, the only duties of the trustee would have been in respect of the trust for the benefit of the testator’s mother and, this trust not having come into existence, no occasion for the appointment of a trustee now would exist. Such a conclusion is not warranted from a reading of the will, inasmuch as it clearly appears that the testator intended to create a primary trust for the benefit of his mother and a secondary trust for the benefit of his brother. The direction with regard to the mother’s trust is that the income be paid to her by the executor and trustee and the direction with regard to the trust for the brother is that the income be paid to him in quarter-annual installments. Such directions contemplated the investment of principal by a trustee, the collection of income by a trustee, and the payment over of net income by a trustee. These. directions would have no application to a legal life estate. The intention of the testator in this respect is abundantly clear, and the text of the will contains all the provisions essential to the creation of a testamentary trust namely, a fund, a beneficiary, a trustee and a disposition of the remainder (Brown v. Spohr, 180 N. Y. 201).
*915 The record submitted to the court by stipulation of the parties provides the basis for a finding that any bequest directed by the will to be paid to Seton Hospital is payable to- the corporation now known as the Seton Hospital- Corporation and having its office at 127 South Broadway, Yonkers, N. Y. (Matter of Kearney, 199 Misc. 1085; Matter of Bloch, 30 Misc 2d 959).
The testator provided that upon the termination of the trusts one half of the net residuary estate be paid to an aunt in Ireland. This aunt predeceased him. The final dispositive provision of the will is that the “ balance ” of the residuary estate be paid to the Seton Hospital and a problem of construing the will arises as to whether the testator intended the bequest to the hospital as the true residuary clause of. his will or, by that clause, intended to limit the bequest to the hospital to one half of the trust remainder. In the latter event the lapsed bequest to the aunt must be regarded as undisposed of property with respect to which the testator died intestate. It long has been recognized that a person who executes a will does so to avoid intestacy (Matter of Hayes, 263 N. Y. 219; Matter of Forde, 286 N. Y. 125) but in many instances of will construction this obvious conclusion serves little purpose if due recognition is given to the limitations of both lay and professional draftsmen. Acknowledging the fact that the testator intended to dispose of his entire estate, the question remains as to the adequacy of the testamentary language to accomplish this result but, in seeking an answer to that question, we are impelled by the positive purpose of disposing of the testator’s assets within the framework of his will rather than by rules of distribution which would be applicable in the absence of a will. This impetus is augmented by this testator’s intent to disinherit his father and thereby avoid normal statutory distribution at least to some extent.
Giving the words of the will their appropriate meaning, the testator’s use of the expression “ the balance of my residuary estate ” is controlling and the clause disposing of the balance of the residuary estate must be regarded as the general residuary provision of the will. The testator could have bequeathed one half of his net residuary estate to his aunt and one half of his net residuary estate to the hospital, or he could have divided his residuary estate equally between these beneficiaries as remaindermen but, instead, he bequeathed the balance of his residuary estate to the hospital. The use of the word balance in this manner is of real significance (Matter of Matthiessen, 175 Misc. 466; Matter of Brown, 82 N. Y. S. 2d 167; Matter of Leonard, 6 Misc 2d 157) and, under existing circumstances, constitutes a gift of the entire trust remainder to the hospital.
*916 The seventh article of the will is a grant of a power of sale and of authority to invest in the manner authorized by the statutes of this State. This provision neither limits nor extends the investment authority which the law confers upon a trustee in the absence of an explicit grant of authority in a will.