Joseph A. Cox, S.
This is a proceeding instituted solely for the purpose of obtaining a construction of the will (cf. Matter of Mills, 272 App. Div. 229, 234 et seq.). The testator left all of his personal effects to a friend and directed the division of his residuary estate into two equal parts. The first of these, described as Part A, he divided into fifty shares which were left to designated individuals in specified multiples. The second, Part B, he divided into three shares, two of which were left outright to the legatee who had been named to take the personal effects while the third was left in trust for the benefit of two grandnephews of the testator for their respective lives with a provision for the payment of one half of the principal to each of the beneficiaries upon the attainment of majority.
*404 In the early portion of his will, immediately after the bequest of personal effects, the testator made the following direction with respect to estate taxes: “2. I direct that all estate taxes on my adjusted gross estate, whether based upon property that passes by this, my Last Will and Testament, or based upon property of any other kind, shall be paid, or an amount which my Executors, in their discretion, shall deem sufficient to pay the same, shall be set aside for the payment of said taxes before the execution by them of the remaining provision of my Will.”
The dispositions of residuary Part A are contained in paragraphs 3 through 12 of the will and there then appears the following further direction with regard to estate taxes: “13. I direct that all inheritance taxes payable by each of the legatees heretofore named shall be paid out of Part B, and I hereby direct my Executors to divide the remainder of Part B into three (3) equal parts.”
The executors, one of whom is the trustee of the trust for the infant beneficiaries, seek instructions concerning the manner and source of payment of the estate taxes due to the Federal Government and the State of New York. They insist that the directions contained in paragraph 13, quoted above, did not constitute a stipulation against apportionment of the taxes attributable to the various legacies directed to be paid from Part A of the residuary estate. They contend that the controlling direction is found in paragraph 2 of the will in the instructions to pay, or to set aside a fund sufficient to pay, all estate taxes prior to the execution of the remaining provisions of the will. Certain of the legatees entitled to payment from residuary Part A argue that all estate taxes must be charged exclusively and in their entirety to Part B of the residuary estate because of the explicit mandate in paragraph 13 directing that ‘1 all inheritance taxes payable by each of the legatees heretofore named shall be paid out of Part B.”
A reading of the quoted text of the will reveals that the only direction by the testator as to the source of payment, as distinguished from the time for payment of the taxes is to be found in paragraph 13. In paragraph 2 the testator did no more than to give voice to a variation of the stereotyped testamentary direction to executors for the payment of taxes, debts and the expenses of administration. That direction did not indicate the fund with which the payment of taxes was to be charged nor did it constitute a stipulation against apportionment. Paragraph 13 on the other hand sets forth explicitly the testator’s instructions in that connection and leaves no room for misapprehension of his intention to exonerate all legacies *405 payable from Part A of the estate from bearing any part of the tax burden.
It is idle to argue, as the fiduciaries and the special guardian for the infant beneficiaries do, that the direction in paragraph 13 for payment of taxes was confined to ‘ ‘ inheritance ’ ’ taxes as distinguished from “ estate ” taxes (Matter of Vanderbilt, 281 N. Y. 297). The will was executed in 1957, some 27 years after the abolition in this State of the old system of inheritance taxation (L. 1930, ch. 710), and hence, the testator could not have had “inheritance” taxes in their literal sense in mind in directing tax payments from Part B. It follows that it would be necessary to ignore completely the provisions of paragraph 13 of the will in order to arrive at the construction urged by the petitioners and the special guardian for, unless the testator was speaking in terms of estate taxes, the testamentary direction is completely meaningless. It is only under the most extraordinary circumstances that the court would be free to disregard so explicit a command and to treat it as though it had never found expression (Eidt v. Eidt, 203 N. Y. 325; Matter of Gulbenkian, 9 N Y 2d 363). Obviously the testator had tax consequences in mind when he executed his will and his use of the word “ inheritance ” for the word “ estate ” cannot be allowed to nullify his expressed intention. The attempt by those opposed to the conclusion here reached to have the court determine that the testator actually intended to have the taxes apportioned among all the persons interested in the estate finds no support in the language of the will itself and that instrument sets the limits of the court’s inquiry. Neither obliquely, by reliance upon certain statements in the petition and briefs, nor directly through the medium of common-law proof could the court resort to extrinsic evidence based upon the scrivener’s recollection of the circumstances surrounding the execution of the will in order to bring it into conformity with a supposed purpose which its text emphatically contradicts (Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012). Finally, there is neither substance nor merit in the petitioner’s reliance upon the element of equality between Parts A and B for this does not necessarily connote, as the Court of Appeals pointed out in Matter of Shubert (10 NY 2d 461), an equality in the distribution of the tax burden.
Submit decree, on notice, interpreting the tax clauses of the will as exonerating the legacies payable out of Part A of the residuary estate from any estate tax obligations.