S. Samuel Di Falco, S.
In this proceeding to settle her account an administratrix requests instructions as to apportionment of taxes attaching to proceeds of insurance upon the life of decedent. Decedent died February 18, 1959, leaving a last will dated April 12, 1950, and a codicil dated March 6, 1956. Paragraph Second of the will states: “ I direct and authorize my Executrix to pay from the assets of my estate, all New York State and Federal taxes due or to become due, and which are properly a charge upon my estate, and not to charge such taxes to the legatees hereinafter named, or to make any deduction from any sums which may be due to any of the said legatees for taxes of any kind whatsoever.”
The provisions of section 124 of the Decedent Estate Law requiring an equitable apportionment of estate taxes are mandatory in the absence of a clear direction to the contrary. (Matter of Mills, 189 Misc. 136 affd. 272 App. Div. 229, affd. 297 N. Y. 1012; Matter of Pepper, 307 N. Y. 242.) The words “ and not to charge such taxes to the legatees hereinafter named, or to make any deductions from any sums which may be due to any of the said legatees for taxes of any kind whatsoever ’ ’ qualifies the direction to the executrix “ to pay from the assets of my estate all New York State and Federal taxes due or to become due ”, and indicates an intention on the part of the testator to confine the direction to testamentary gifts. (Matter of Hathaway, 113 N. Y. S. 2d 750.) The direction against apportionment does not extend to non-testamentary gifts and the taxes imposed on the proceeds of the life insurance policies in question are payable by the recipient. Allowance of special guardian fixed in the amount requested.