Joseph A. Cox, S.
In Matter of Krooss (302 N. Y. 424) the testator bequeathed a remainder to his children with a proviso that, should either of said children die prior to the death of the life tenant “ leaving descendants ”, said descendants should take the share of their parent. In that decision it was held that the testator had conferred a gift upon each remainder legatee which would be divested only upon two conditions, the first, that the named remainderman die during the trust term and, the second, that there be descendents of the named remainderman to receive the gift. The language of the opinion in the Krooss case could have been interpreted as limiting that decision to a will containing either identical language or equivalent language and, if this *188 interpretation had been accepted, the decision would be controlling only in wills which, in making a substitutionary gift of a remainder interest, referred to the death of a named remainderman “leaving descendants”, “survived by issue”, “ with issue then living” or where the substitutionary gift was expressed in other particular text which would indicate that it was conditioned upon the actual existence of substitutionary donees. The Krooss decision has been so applied in comparable fact situations (e.g., Matter of Larkin, 9 N Y 2d 88) and the concept of early vesting has been extended to different fact situations upon the authority of Krooss (Matter of Campbell, 307 N. Y. 29; Matter of Ablett, 3 N Y 2d 261). The Krooss decision also has been held applicable to a remainder gift to a named individual and a substitutionary gift to issue if the remainderman failed to survive the termination of the trust (Matter of Gardner, 12 A D 2d 477). In the Gardner case the remainder disposition was to named children and, if any of such persons failed to survive the trust term, to their living issue. It was held that the will effected a present gift to the named children to be divested as to any one of them by his failure to survive the duration of the trust if, but only if, such remainderman should leave issue or descendants surviving. The last-cited opinion would appear to be a holding that a present gift to a named remainderman is to be defeated by a substitutionary gift to issue only when and if such issue exists. "While the language of the Krooss will may be construed as expressive of an intent to condition the gift upon the existence of issue, a similar thought was not obvious in the Gardner will.
A recent decision of the Appellate Division (Matter of Storm, 18 A D 2d 656) appears to clarify the thinking on this problem by limiting the Krooss decision to a will in which the testamentary language makes it plain that the substitutionary gift was intended by the testator to be operative only if the substituted legatees were in existence at the end of the trust term. Following this, it cannot be said that such a testamentary intent is clear in the will presently before the court and, for such reason, the motion for reargument is granted and, upon reargument, it is held that the legacies to the nieces of-the testatrix lapsed by reason of .their failure to survive the trust term. The further fact that the primary legatees did not leave issue to take as substitutionary legatees makes it necessary to determine whether these legacies are to be distributed as intestate property or as part of the residuary bequest to the Lying-In Hospital.
The testatrix directed the payment of three legacies, including those to her nieces, out of one half of the trust remainder and *189 then stated “and the balance of said one-half share shall be paid by my said executor and trustee to Lying-In Hospital of the City of New York.” The intestate distributees urge this court to adopt the rule enunciated in Wright v. Wright (225 N. Y. 329, 340), which is that the residuum cannot be augmented by a “ residue of a residue ’ ’. The charitable legatee contends that this rule is not applicable to the case at bar because the will evidences an opposite intent (Oliver v. Wells, 254 N. Y. 451; Matter of Purvey, 34 Misc 2d 913, affd. 18 A D 2d 657; Matter of Zollikoffer, 157 Misc. 837).
It is interesting to note that the Court of Appeals in Wright v. Wright (supra) recognized the rule in respect to a lapsed legacy which is part of a residuary estate to be different from the rule in respect to preresiduary legacies and the court stated (p. 340): “ The reason for this distinction in most cases is not very apparent, satisfactory or convincing. The one most often given is based on the assumption that it could not have been the intent of the testator in disposing of his residuary estate that a bequest of the residue thereof should be augmented by the lapse of other bequests from such residuum.” In Oliver v. Wells (supra, p. 457) the same court in referring to the rule above enunciated said:11 There is indeed a technical rule, reluctantly enforced by courts when tokens are not at hand to suggest an opposite intention, that ‘ a gift of a residue of a residue ’ is not to be augmented by the lapse of another gift out of the general residuum ”.
While the residue of a residue rule has been recognized as necessarily applicable to numerous wills in which ultimate residuary dispositions have been lacking, many courts have avoided this rule in other instances by finding an affirmative testamentary intent in a particular will and, in so doing, each of these courts has attained a result which the Court of Appeals regarded as desirable in Wright v. Wright (supra) although, for a reason not apparent in that opinion, was not there attained. Among such decisions are Matter of Zollikoffer (supra); Matter of Eidlitz (193 Misc. 316); Matter of Brown (82 N. Y. S. 2d 167) ; Matter of Purvey (supra); Matter of Kempe (191 Misc. 993); Matter of Blood (115 N. Y. S. 2d 220, affd. 281 App. Div. 1045) and Matter of Baumann (97 N. Y. S. 2d 478).
It would seem beyond dispute that a legacy of a stated sum of money payable from a residuary estate or a bequest of a stated fractional share of a residuary estate fixes the maximum interest of the legatee and, consequently, such a participation in the residuary estate would not be increased by the failure of any other attempted residuary gift. In such a fact situation a departure from the “ residue of a residue ” rule would be a *190 modification of the will after the testator’s death. Equal respect for testamentary intention would seem to require that a testator’s purpose to dispose of his estate be accomplished when he has not bequeathed the residuary in fractional portions but has bequeathed general legacies and then employed language such as “ residue “ balance ” or 11 surplus ” which long has been recognized as including property not otherwise disposed of effectually (2 Davids, New York Law of Wills, § 707).
In view of the reluctance to resort to the “ residue of a residue ” rule if any gleam of intent can be utilized and recognizing that, if a will provides a true residuary clause, such clause is to be broadly construed (Lamb v. Lamb, 131 N. Y. 227), the court is of the opinion that the purpose of this testatrix was to provide for her relatives and to bequeath the true residuary of the trust remainder to the hospital (Matter of Purvey, supra). It is held that the lapsed legacies are payable to the charitable legatee of the balance of the trust remainder.
Submit decree on notice construing the will and settling the account.