John D. Bennett, ¡3.
In this accounting proceeding the court is required to determine whether the gifts to charity exceed one half of the gross estate, less debts, in violation of section 17 of the Decedent Estate Daw, The charities are the sole remaindermen of the residuary trust.
In a prior proceeding for the same relief, the court held that the formula adopted in Matter of Mayers (189 Misc. 700, affd. 274 App. Div. 918, affd. 299 N. Y. ,388) was applicable without determining whether a violation of section Í7 existed (212 N. Y. S. 2d 308).
Because applications for allowances for services rendered have been made and possibly others contemplated, the dollar value of the residuary trust, the remainder of which is given to charity, cannot now be arrived at with .any accuracy.
However, the questions which have arisen as to whether estate taxes, a portion of which was required to be paid by the charities pursuant to subdivision 2 of section 124 of the Decedent Estate Law, and prospective trustees’ paying commissions should be deducted before arriving at a valuation of the charitable remainder can be disposed of at this time.
While in Matter of Mayers (supra) the court stated that estate taxes should be deducted from the residue before computing the value of the gift to charity, the will in that case directed that estate taxes be charged against the residue. The will here contains no provision that estate taxes be charged *976 against the residuary estate and even assuming it did, this would not be a direction against apportionment within the residuary itself or result in estate taxes being treated as administration expenses, to be subtracted initially (Matter of Shubert, 10 N Y 2d 461).
As stated by this court in Matter of Smithers (15 Misc 2d 701), where there is no provision against apportionment within the residuary estate, or a direction that estate taxes be treated as administration expenses, the share of charity in the residuary is to be computed before deduction of estate taxes attributable to such residuary.
The court is of the opinion that similarly here the value of the charitable bequest must be arrived at without regard to estate taxes, whether attributable to residuary gifts or the residuary itself (cf. Matter of Walsh, 34 Misc 2d 388, 390).
The court does not agree that prospective trustees ’ paying commissions should reduce the value of the gift to charity, even though such procedure may find some apparent support in Matter of Schalkenbach (155 Misc. 332). It is the present value of the gift to charity which must form the basis for the calculation of the value of the future estate given to charity.