S. Samuel Di Falco, S.
The executors and the representatives of a deceased executor have filed their intermediate account. Decedent died on May 20, 1959. Her will dated April 15, 1954 and a codicil dated April 28, 1955 were admitted to probate on June 12, 1959. In her will the testatrix, after bequeathing certain general and specific legacies and establishing two general trusts, directed that her residuary estate be divided into two equal parts. One such part she gave to Werner B. von Echt, a nephew of her deceased husband, or if he predeceased the testatrix, then to his surviving issue and in default of such issue to the American National Red Cross. The other part of the residuary estate she gave to “ such churches and or charitable corporations ” selected by the individual executor or his successor to carry out a stated charitable purpose. In the codicil the testatrix revoked the outright gift of one half of her residuary estate to Werner B. von Echt and instead placed that share in trust for his benefit for life with the remainder to his surviving issue, and in default of such issue, to the American National Red Cross. The codicil did not change the gift of the other half of the residue for charitable purposes,
*375 Testatrix directed in paragraph Sixteenth of her will that “ all transfer, inheritance, estate or other death taxes (both State and Federal) on any bequest or devise passing under this, my Will, and any codicil thereto, shall be paid out of my residuary estate.”
The executors show the allocation of the estate taxes in Schedule J of their account. They charge the taxes in the preresiduary bequests equally against the residuary legatees. The taxes on the residuary shares are charged against the residuary trust solely and not against the portion payable to the charities. The income beneficiary of the residuary trust and two of his children who are contingent remaindermen thereof have filed objections to the proposed allocation of estate taxes upon the ground that it is not in accordance with the direction contained in decedent’s will. They have also submitted a cross petition for a construction of paragraph Sixteenth of the will contending that the direction against apportionment of the estate taxes therein indicates that it was the intention of the testatrix “ that there was to be apportionment neither without nor within the residuary estate. ’ ’
The executors and the Attorney-General appearing for ultimate charitable beneficiaries moved to dismiss the objections and the cross petition upon the ground that it appears on the face of the cross petition that it does not state facts sufficient to constitute a cause of action. The special guardian for two infants who are contingent remaindermen of the residuary trust joined in the motions. The movants contend that the proposed apportionment of estate taxes is in accordance with the holding in Matter of Shubert (10 N Y 2d 461) which is controlling.
The objectants attacked the motions initially on a procedural question. They argued that the motions are in the nature of applications for summary judgment which are rarely granted in the Surrogate’s Court and not in an action for a declaratory judgment to which they compare this application for construction.
The objectants argued that Matter of Shubert (supra) is inapplicable because the tax clause therein is extrinsically dissimilar to that involved herein. Their position is that all Federal, State and foreign taxes should be paid out of the residuary estate as administration expenses, and that after payment of all taxes, the residuary estate, then remaining, should be equally distributed among the residuary legatees. The objectants also raised the question whether or not the Austrian inheritance tax upon the bequest given to and in trust for Werner B. von Echt is payable out of the residuary estate.
*376 The tax clause interpreted in Matter of Shubert (supra) was ‘ ‘ I direct that all estate, inheritance, succession, transfer or similar taxes on my estate passing under this will shall be paid out of my residuary estate The objectants drew a distinction between the words “ on my estate ” used in the Shubert will and the words “ on any bequest or devise ” contained in the tax clause of this will. They argued that the latter clause has never' been subject to judicial scrutiny. The objectants also contended that a granting of these motions will deprive them of the opportunity of producing extrinsic evidence based upon the draftsman’s record.
A hearing was held so as to afford the objectants an opportunity to present evidence. The objectants offered testimony taken on the examination before trial of William R Soons, the son and partner of Sydney Gr. Soons, the draftsman of the will (now deceased); a typewritten copy of a 1950 will of the decedent on which appears pencilled notations and changes in the handwriting of decedent or Sydney Gr. Soons; a letter dated March 24, 1954 from Sydney Gr. Soons to the decedent with an attached memorandum dated April 1,1954; and longhand notes of Sydney Gr. Soons made after his conference with the decedent. Objections to the admission of these documents into evidence were made. They were received subject to a ruling on their admissibility.
It has been held that extrinsic evidence based on the scrivener’s recollection of the circumstances surrounding the execution of the will is inadmissible (Matter of Braun, 36 Misc 2d 692; Matter of Wise, 37 Misc 2d 403). Even if the proffered evidence were admissible, there is nothing contained therein which would change the language used in the will. The court determines that the evidence offered by the objectants is inadmissible to show a direction against apportionment (Matter of James, 199 Misc. 44, affd. 278 App. Div. 648, motion for leave to appeal denied 302 N. Y. 949; Matter of Aldrich, 259 App. Div. 162; Matter of Merrill, 67 N. Y. S. 2d 324).
Section 124 of the Decedent Estate Law requires apportionment of Federal and State estate taxes among the legatees and devisees, “ in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited ” except where the testator otherwise directs in his will. The section further provides that 1 ‘ any exemption or deduction allowed under the law imposing the tax * * * by reason of the charitable purposes of the gift shall inure to
*377 tlie benefit of the person * * * receiving such * * * charitable gift
In Matter of Mills (189 Misc. 136) the purpose of section 124 of the Decedent Estate Law was considered. The court there stated (p. 142): “Its terms should be applied in their plain meaning. The question of allocation should not be approached as would a construction question where at all events the meaning of the text must be determined from the content of the will. In a tax allocation problem the text of the will is to be scanned only to see if there is clear direction not to apportion; and if such explicit direction is not found, construction of text ceases because the statute states the rule.” Surrogate Delehahty also observed (p. 141): “ What the statute requires is certainty of expression. It is not enough that there be speculation as to what deceased may have meant. Those who resist apportionment must be able to point to affirmative language in the will directing that taxes be not apportioned. In case of doubt as to what the will means on the subject of taxes the statutory direction to apportion is absolute.” In affirming (272 App. Div. 229, 233) the Appellate Division said: “ The legislative history of the statute as well as its language indicates that apportionment is the rule to which exception is allowed only if there be clear direction to the contrary.” The same court had previously stated in Matter of Halle (270 App. Div. 619, 623) as follows: ‘ ‘ The matter of intention is to be determined in each case upon a consideration of the language used in the light of the surrounding circumstances.” The court in Matter of Pepper (307 N. Y. 242, 250-251) stated: “ The net result is that this will does not contain a direction against statutory apportionment. However, in deciding this case we need not go that far. We need only hold that it does not contain a clear and unambiguous direction to that effect. There is a strong policy in favor of statutory apportionment. Those who contend against apportionment must bear the burden of proof (Matter of Kaufman, 170 Misc. 436; Matter of Dettmer, 179 Misc. 844) and the direction in testator’s will must be clear and unambiguous.” (See, also, Matter of Kolker, 37 Misc 2d 350.)
The fact that the objectants felt that they should introduce extrinsic evidence is indication that paragraph Sixteenth of the will is ambiguous.
In discussing the purpose of the statute as it applies to a charitable legatee, it was stated in Matter of Mattes (205 Misc. 1098, 1102): “ The history of section 124, as construed, is helpful to determine the effect of the direction of the testatrix upon the *378 credit of the surviving spouse for the marital deduction. The section as enacted in 1930, provided that ‘ except in a case where a testator otherwise directs in his will * * ® in making such proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate ’ (L. 1930, ch. 709). Under this provision, the estate tax deductions on bequests to a charity have been held to inure to the benefit of such charity and the taxes are allocated within the residuary so as to credit the charity for the deduction (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707, supra; Matter of Dettmer, 179 Misc. 844, motion for leave to appeal to the Court of Appeals denied 266 App. Div. 923; Matter of Starr, 157 Misc. 103). The credit is given to the charity even in the case where the will directs payment of taxes from the residuary estate (Matter of Pratt, 123 N. Y. S. 2d 425, supra) ”. (That decision was affirmed in 285 App. Div. 867 and 309 N. Y. 942.)
As stated aforesaid, the tax clause involved in Matter of Shubert (10 N Y 2d 461, 466, supra) reads as follows: “ I direct that all estate, inheritance, succession, transfer or similar taxes on my estate passing under this will shall be paid out of my residuary estate.” The testator therein divided his residuary estate into six equal parts. Three of these parts were set up in a single trust of which the Sam S. Shubert Foundation, Inc., is both remainderman and income beneficiary during the joint lives of the trustees. The remaining three equal shares were set up in three separate trusts with the income payable to named individuals with remainders over to the Sam S. Shubert Foundation, Inc. The court stated (pp. 471-472): “ Litigation involving presence or absence of directions against intra-residuary apportionment has been frequent, and certain guiding legal principles have been firmly established, Thus, we have held that, in the absence of a clear, unambiguous direction to the contrary in the will, apportionment pursuant to statute will be directed. There is a strong policy in favor of statutory apportionment, and those controverting its application must bear the burden of proof (Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, 141, affd. 272 App. Div. 229, affd. 297 N. Y. 1012). Numerous cases have held that tax clauses similar to Shubert’s do not amount to unambiguous directions against intra-residuary apportionment, and that a general direction that all estate or inheritance taxes be paid out of the residue is not the equivalent of a direction against proration within the residue itself nor a command that taxes be treated as administration expenses *379 [citing cases]. Each of these eases holds that the testator’s direction that all estate or transfer taxes (whether on transfers of property passing under the will or otherwise) be paid from the residue is an expression of his intent that pre-residuary gifts be exonerated from tax, and that so much of the tax as is attributable to those bequests be charged against the residuary estate before computation of the residuary shares of the respective legatees. The direction cannot be read as a mandate that the portion of the tax attributable to the residuary assets is not to be apportioned in an equitable manner among the recipients of such residuary gifts (Matter of Coulter, 11 Misc 2d, supra, pp. 852-853; Matter of Smithers, 15 Misc 2d 701, 703). The clause in issue herein fits within the ambit of the eases cited and, standing alone, does not constitute an unambiguous direction ” (pp. 471, 472). The court affirmed the holding that the will contained no direction against apportionment of estate taxes within the residuary estate with respect to residuary gifts, that the estate taxes attributable to the residue were to be apportioned between the residuary legatees pursuant to section 124 of the Decedent Estate Law and that the Foundation, a charitable legatee, was entitled to exoneration from such apportionment and to the benefit of its charitable deduction.
It was held in Matter of Walsh (34 Misc 2d 388, 391) that the “ testator’s direction that estate taxes be paid out of the residuary estate is effective to exonerate preresiduary gifts from diminution by reason of estate taxes but this testamentary provision does not avoid an apportionment of taxes within the residuary estate insofar as any tax payment may be attributable to the portions of the residuary not payable to the charity (Matter of Shubert, 10 N Y 2d 461).” (Cf. Matter of Cohen, 35 Misc 2d 23.)
In view of the foregoing, the court determines that the apportionment of the estate taxes as set forth in the account of the executors is correct. The objections filed thereto are therefore dismissed. It appears that the special guardian has not filed his report relating to the account. If such report contains no objections a decree construing the will in accordance herewith and settling the account may be submitted on notice.