Harry G. Herman, S.
In article ‘ ‘ third ’ ’ of her will the testatrix directed that estate taxes: “ be paid from my residuary estate, and that no part thereof be charged against any legatee, devisee or beneficiary other than other receiving my residuary estate.”
Section 124 of the Decedent Estate Law mandates that the amount of the estate tax be equitably apportioned among the persons benefited except where the testator otherwise directs in his will. A direction such as set forth above exempts preresiduary dispositions from apportionment of taxes but necessitates apportionment of taxes within the residue (Matter of Shubert, 10 N Y 2d 461; Matter of Mattes, 205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942; Matter of Bayne, 31 Misc 2d 296; Matter of von Echt, 39 Misc 2d 373).
Article “sixth” of the will begins: “All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situate * * * I give, devise and bequeath to my executors, hereinafter named, and direct that they pay therefrom the following: ” This is followed by nine legacies to individuals or charities, totalling $300,000 (a to i), and then the following language: “ j) The balance of my residuary estate, including any and all lapsed legacies, then remaining, I direct my executors to divide into two equal parts or shares, and to pay one of such equal parts or shares to mother church first church of christ scientist "* * * and the remaining equal part or share to the wartburg orphan farm school of the EVANGELICAL LUTHERAN CHURCH
*609 It is the position of the executors, one of whom is the draftsman, that estate taxes should be borne in their entirety by the two legatees named in article “ sixth ”, subdivision “ j ”, which they claim is the true residuary estate.
The Attorney-General of the State of New York and the Christian Scientist Church, however, contend that the taxes should be apportioned against all the legacies contained in article “ sixth ” on the ground that the apportionment clause contained in article “third” refers to the entire residuary estate. No position has been advanced by the Wartburg School.
A disposition that begins “ the balance of my residuary estate ” has been construed as the true residuary estate (Matter of Purvey, 34 Misc 2d 913, 915, affd. 18 A D 2d 657). However, when the same construction was adopted in a subsequent ease by the same Surrogate’s Court and Appellate Division, the Court of Appeals reversed as to this issue (Matter of Urchs, 15 N Y 2d 893, modfg. 20 A D 2d 291, which had affd. 39 Misc 2d 186), resulting in a determination that the residuary estate was that contained in the entire residuary clause.
The executors urge that there is no doubt as to the tax apportionment clause of the will and no need to construe the statute, but only a need to construe the will to determine the true residuary clause. This begs the question. The real question before the court is: Against whom should estate taxes be apportioned?
It should be clear by now from the repeated litigation concerning estate tax apportionment that, as stated by Surrogate Delehanty in Matter of Mills (189 Misc. 136, 142, affd. 272 App. Div. 229, affd. 297 N. Y. 1012): “ The question of allocation should not be approached as would a construction question where at all events the meaning of the text must be determined from the content of the will. In a tax allocation problem the text of the will is to be scanned only to see if there is clear direction not to apportion; and if such explicit direction is not found, construction of text ceases because the statute states the rule.’’1
Only if the will expressly stated that estate taxes were not to be apportioned against those legatees named prior to article “ sixth ”, subdivision “ j ”, would there be a sufficient direction to overcome the statutory rule, and to require apportionment solely against the legatees named in subdivision “ j ”. Article “ third ” is clear and unambiguous to the extent that it imposes the taxes upon those receiving the residuary estate. However, so long as there is a question as to which is the true residuary clause, so that there can be several contentions as to who should bear the estate taxes, then there is an ambiguity in the tax appor *610 tionment clause. If there is an ambiguity, section 124 governs and requires apportionment of estate taxes against all the legatees named in article “ sixth ” of the will, because there is no clear and unambiguous direction against such apportionment (Matter of Mills, supra).
At trial the court sustained an objection to the testimony of the attorney-draftsman, who is also a residuary legatee, on the authority of CPLR 4519. CPLR 4503 has no application to that ruling. The renewed motions of the Attorney-General and of the First Church of Christ, Scientist to strike testimony and evidence received at trial are granted; no extrinsic evidence is admissible to show a direction against apportionment of taxes (Matter of von Echt, supra, p. 376; Matter of Aldrich, 259 App. Div. 162; Matter of James, 199 Misc. 44, affd. 278 App. Div. 648, mot. for lv. to app. den. 302 N. Y. 949; Matter of Merrill, 67 N. Y. S. 2d 324; Matter of Taylor, 116 N. Y. S. 2d 314; Matter of Wise, 37 Misc 2d 403, 405, mod. on other grounds 20 A D 2d 55, affd. 15 N Y 2d 591).
As was stated by Surrogate Di Falco in Matter of von Echt (supra, p. 377 where the executors apportioned taxes within the residue and the objectant argued against apportionment): “ The fact that the objectants felt that they should introduce extrinsic evidence is indication that paragraph Sixteenth of the will [the tax apportionment clause] is ambiguous.”
The principle of the Mills case governs the question of extrinsic evidence (p. 141): “What the statute requires is certainty of expression. It is not enough that there be speculation as to what deceased may have meant. Those who resist apportionment must be able to point to affirmative language in the will directing that taxes be not apportioned. In case of doubt as to what the will means on the subject of taxes the statutory direction to apportion is absolute.”
Matter of Jaret (44 Misc 2d 262) relied on herein by the executors, was affirmed (24 A D 2d 479) by the Appellate Division, Second Department, which divided 3 to 2, and is now pending determination by the Court of Appeals. Although Jaret is very close to this case, in any event while in article “ fourth ” of the will therein there "was a direction that estate taxes be paid out of “the residue”, the third codicil thereto directed that estate taxes be paid out of the “balance” of the estate (44 Misc 2d 262, 265), a factor which does not exist in this case.
The objections to the account are sustained. The executors shall be surcharged to the extent of the total losses suffered by the charitable residuary legatees by reason of the executors’ failure to apportion estate taxes within the residue and their *611 failure to take the appropriate charitable deduction for the residuary dispositions. The account shall be amended accordingly. Although no objections to the account were filed by the Wartburg School, the pro tanto rule does not apply, since objections were filed by the Attorney-General on behalf of all the ultimate charitable beneficiaries herein.
No objection has been filed to the fee paid to the attorney-draftsman, who is also a coexecutor. That fee is approved and allowed for all legal services rendered and to be rendered to and including the settlement of the decree to be made herein.