S. Samuel Di Falco, S.
This is a proceeding for the settlement of the final account of the surviving trustee of the residuary trust. At issue is the allocation, as between a group of charities and three individuals who share the remainder in varying proportions, of the capital gains tax incurred and paid by the trustee upon the increase in the value of securities disposed of at sales which took place both prior and subsequent to the termination of the life estate upon which the remainders were limited. It is the position of the charitable remaindermen that the tax burden must be borne in its entirety by the individual beneficiaries because of the fact that the tax was based solely upon their interest in the property with an appropriate exemption asserted and allowed upon the charities’ share of the proceeds of each sale. (United States Internal Revenue Code, § 51; U. S. Code, tit. 26, § 51; Tax Law, § 365, subd. 2.) Their opponents contend that the tax should have been charged to the principal of the trust ‘ ‘ without regard to allocation to the shares of the residuary legatees in the remainder of the trust during the term of the trust.” It is also urged upon their part that as to those sales made prior to the death of the life tenant, the charities are foreclosed by the decrees settling prior accounts in which such transactions were reflected.
This court has expressly recognized the rule that in the administration of an estate or trust, income taxes imposed upon gains attributable to principal are themselves charges against principal (Matter of Mankowski, 110 N. Y. S. 2d 677). It has also consistently declined to deny to charitable institutions, sharing with individuals a bequest of a residuary estate, the full and exclusive benefit of the exemptions allowed them with the result that apportionment within the residue has been *220 decreed and the whole burden of the estate tax charged to the nonexempt legatees (Matter of Slade, 4 Misc 2d 616 and cases there cited). The same theory and principle prevail here because in each instance the total tax paid was adjusted to the interest of the individual remaindermen in the securities sold, that interest alone having caused the tax to be imposed.
There appears to the court to be no distinction in treatment required of sales occurring during the term of the trust and those which took place thereafter to facilitate distribution of the remainder. It is true that in the prior accountings the tax was charged to principal without specific allocation to individual legacies and without objection by the charities. Under the circumstances, there was no other method available for handling the transactions, for the time for distribution of principal was not yet at hand and, in addition, the by no means nonexistent possibility of changes occurring in the class of remaindermen prior to the termination of the trust would have rendered the question moot even had it been raised (Matter of Mount, 185 N. Y. 162). It was true of those sales, however, as it was of the sales subsequent to the death of the life tenant as has been already pointed out, that only that part of the proceeds was taxed which could be identified as the proportionate share of the nonexempt interests. For the reasons stated the court cannot concur in the conclusion that the matter is res judicata-, the question was not before it on the prior accountings (Matter of del Pino, 111 N. Y. S. 2d 504, affd. 282 App. Div. 670, affd. 306 N.Y. 891).
Payment of the legacies to the estate of Charles L. Eidlitz and the Community Service Society of New York was delayed pending the determination of their status in the construction proceeding instituted for that purpose. Since all of the parties agree that the legatees are entitled to interest on their bequests for the period commencing on the termination of the trust and ending on the date of payment at the rate earned by the estate, the decree may so provide.
Submit, on notice, an affidavit amending the account reflecting the rulings here made and exempting the legacies of the charitable institutions named as remaindermen from liability for payment of any part of the capital gains taxes shown in the account as having been paid during or after the term of the trust. Thereafter, a decree may be submitted on notice settling .the account as filed and amended.