John D. 'Bennett, S.
The petition in this trust account requests various relief including a construction and final allocation of estate taxes and capital gains taxes paid by the trust.
The construction question concerns the bequest of a one-quarter share of the remainder in the following language: ‘£ Upon the death of the said selina f. Hewlett, I direct my said Trustees to divide the trust hereby created into four (4) equal parts, or shares, and I hereby give and bequeath one of such equal parts, or shares, unto my cousin, charles h. sprague, or if he be dead, to his child, or children, and the issue of any deceased child, per stirpes ”. Charles H. Sprague survived the decedent but died prior to the death of Selina F. Hewlett, the income beneficiary, survived by one child.
A remainder is vested subject to complete defeasance when it would come into possession upon the expiration of the *40 preceding estate, but may end or may be terminated at or before the expiration of such preceding estate (EPTL 6^4.9). The remainder bequest to Charles H. Sprague is a vested remainder subject to defeasance because of the language “or if he be dead, to his child, or children” (Matter of Gates, 239 App. Div. 666). Where there is an intermediate life estáte before the commencement of a future estate, such as here to Charles H. Sprague, the presumption is that the words requiring survivorship refer not to the time of the testator’s death but to the termination of the preceding life estate (Matter of Gautier, 3 N Y 2d 502). The one-quarter remainder is accordingly payable to Robert W. Sprague, the only child of Charles H. Sprague.
The final apportionment of estate taxes on the termination of this trust arises by reason of the fact that three quarters of the remainder is bequeathed to charity. The only language relating to taxes affecting this trust provides: “ It is my Will that each of said (remainder) shares of the aforesaid trust estate shall be charged with the taxes which may be properly allocated against the same, including the burden of any and all estate or inheritance taxes, if any, applicable to any such share.” This language is construed as requiring an apportionment of estate taxes according to law (EPTL 2-1.8). While the tax apportionable against the life estate is payable out of the principal of the trust despite the fact that a portion of the remainder is payable to charity (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707) on the termination of the trust, a final allocation of the tax generated by the remainder interests can be made between the noncharitable and charitable remaindermen (Matter of Dettmer, 179 Misc. 844; Matter of Woodward, N. Y. L. J., Aug. 11, 1969, p. 9, col. 7 [DiFalco, S.]) so as to give the charities the full benefit of the exemption or deduction caused by them as required by statute (EPTL 2-1.8, subd. [c], par. [2]). Insofar as the actual calculations are concerned, the petitioners are directed to modify the proposed allocation in accordance with the decision in the Matter of Dettmer (supra).
Finally, the petitioners seek an apportionment of capital gains taxes, their position being that the capital gains tax burden must be borne by the noncharitable one-quarter interest because the tax was based solely on such interest in the property with an appropriate exemption allowed on the charities’ share of the proceeds of each sale generating a capital gain. Matter of Eidlitz (21 Misc 2d 218) appears to be the only reported case ip New York requiring the allocation of capital gains taxes in *41 this situation on the theory that it is analogous to the equitable apportionment of estate taxes and should accordingly be required with regard to capital gains taxes. A later case, Matter of Hanover Hank (Andrus) (N. Y. L. J., May 12, 1969, p. 2, col. 4 [Sup. Ct., N. Y. County]), refused to follow Eidlitz, coming to the conclusion that the income tax on capital gains accruing prior to the termination of the trust was payable as an administration expense from principal without apportionment, citing Matter of Kmg (22 N Y 2d 456). The citation of Matter of Kmg (supra) is particularly apposite since in that case the apportionment of estate taxes relating to property subject to a power of appointment was held to be governed by Federal law and not by State law. The Court of Appeals in Matter of King (supra) emphasized that while the State statute (EPTL .2-1.8, subd. [c], par. [2]) requires that any exemption or deduction by reason of charitable bequests inure to the benefit of the recipient of such charitable gift, there was. no such requirement under Federal law. Similarly here there is no statute which requires apportionment of capital gains taxes. At the last and also the present session of the Legislature a bill was introduced which seeks to require an allocation of income taxes on profits, gains or other receipts payable from principal so that upon the termination of the life estate the remaindermen other than the charities .will bear the burden of1 income taxes paid from principal where the trust has obtained a deduction for that portion of the taxes attributable to the charitable share (Sen. Intro. No. 1404, 1973-1974 Regular Sessions). In the absence of the passage of such legislation, the court can see no reason to encumber the administration of trusts and estates with yet another unduly burdensome aspect that might relate to transactions completed years ago. The requested apportionment of capital gains in this matter is denied.